## HUNT v. STATE OF INDIANA.

[No. 24,361.    Filed January 27, 1924.]

1. HIGHWAYS.—*Heavy Hauling.—Construction of Statute.*—Section 2313 Burns 1914, Acts 1907 p. 445, §1, which prohibits the hauling of a load of more than 3,800 pounds over a gravel road when the same, on account of wet weather, is in a condition to be cut up and injured by heavy hauling, conveys the plain and ordinary meaning that the intent of the legislature was to prevent injury to the highways when their condition would not withstand ordinary use, and is sufficiently definite to state a public offense.   pp. 587, 588.

2. STATUTES.—*Construction.—Function of Court.*—In construing a statute a court cannot nullify an enactment of the legislature because the language used is indefinite in some particular, if the purpose and intent of the legislature can be ascertained; the function of the court is to ascertain the intent and enforce it.   p. 588.

From Clay Circuit Court; *John M. Rawley*, Special
Judge.

Noah Hunt was convicted of a violation of the law
concerning use of the highways, and he appeals. *Affirmed.*

*Bernard C. Craig*, for appellant.

*U. S. Lesh*, Attorney-General, and *Connor D. Ross*, Deputy Attorney-General, for the State.

TRAVIS, C. J.—Appellant was convicted of the charge of heavy hauling upon a gravel road in wet weather.

The affidavit which charged the offense, omitting the formal parts, alleged that, "on the 2d day of February, 1923, at the county of Clay and State of Indiana, one Noah Hunt, late of said county and state, did then and there unlawfully haul over a certain gravel road then and there situate, known as the Bailey Gravel Road number 2, a load of coal, the combined weight of which load, motor truck, and driver, was more than thirty-eight hundred pounds; that such gravel road was, by reason of wet weather, then and there in a condition to be cut up and injured by heavy hauling, contrary, etc."; which offense as charged was in violation of that part of the amended act concerning public offenses, to wit: "Section 419. It shall be unlawful for any person to haul over any * * * gravel road (the term gravel road to include any road graded and graveled with not less than one yard of gravel to eight feet in width and nine feet in length of such road) at any time when the road * * * by reason of wet weather is in condition to be cut up and injured by heavy hauling, * * * or any vehicle with tires five inches or over in width, the combined weight of which load, vehicle, and driver, shall be more than thirty-eight hundred pounds. * * *" (§2313 Burns 1914, §1, Acts 1907 p. 445).

Appellant moved to quash the affidavit for the reason that the facts stated therein do not constitute a public offense, in that the statute upon which the charge is predicated is void for uncertainty, and that it fails to fix a standard sufficiently certain by which to determine whether such use of the road is or is not a crime.

The question for decision is based upon the proposition—as stated by appellant—that that portion of the statute which prohibits a load of a certain weight to be hauled over a gravel road, when the same, on account of wet weather, is in a condition to be cut up and injured by heavy hauling, does not fix such a standard that a man may know before he does the act sought to be prohibited, that he is thereby violating this law.

.The plain intent of the legislature in enacting the statute, as shown by the language used, as it affects this case, was to prevent injury to the highways by

1. use in measured degrees, when the condition of the highways, because of being softened by reason of wet weather, would not withstand the ordinary use. The plain and ordinary meaning of the statute conveys this intent.

It is urged that the statute is too indefinite to be enforced, in that no standard is made by the law by which two persons might agree that the roadway was so wet that a load of the weight named in the law would injure the highway; and that by any interpretation of the law itself, the only test to ascertain the condition which prohibits the use of the highway, is whether or not it is in fact injured by hauling a load of the named weight over it; and reasoning therefrom, that for one to know whether or not the highway was in condition to be injured by heavy hauling by reason of wet weather, it would be necessary to violate the law by test.

It may be admitted that the condition of the highway necessary to prohibit its use as expressed by the statute might have been expressed in clearer and more definite language, which is to state that it is not as definite as it might have been expressed, and therefore that the statute is indefinite.

A court cannot nullify the enactment of the legislature because the language used is indefinite in some par-

ticular, unless the purpose or intent of the
2.   legislature cannot be ascertained.   The intent of
the legislature is the essence of the law, and
the function of the court in construing legislative enact-
ments is to ascertain the legislative intent, and to
enforce such intent when ascertained.   2 Lewis'
Sutherland, Statutory Construction (2d ed.) §363;
*Manhattan Co.* v. *Kaldenberg* (1900), 165 N. Y. 1, 58
N. E. 790; Hochheimer, Criminal Law (2d ed.) §28;
*State, ex rel.,* v. *Haworth* (1890), 122 Ind. 462, 7 L. R.
A. 240; *Randall* v. *Richmond, etc., R. Co.* (1890), 107
N. C. 748, 12 S. E. 605, 11 L. R. A. 460; *Pennsylvania
Co.* v. *State* (1895), 142 Ind. 428.

The cardinal principle in construing a statute is to
seek the intention of the legislative will; and a rule of
law equally as well grounded is, that the enactments
of the legislature must be effectuated if possible.   The
intention of the lawmaker is the law.   The court will
not extend the meaning of the statute by construction,
but such construction will be given, that when prac-
tically applied, will aid in preventing the evil which the
ascertained intent aimed to prohibit.   2 Lewis' Suther-
land, Statutory Construction (2d ed.), §§528, 530;
Clark & Marshall, Law of Crimes, 97; *Parvin* v. *Wim-
berg* (1892), 130 Ind. 561, 30 N. E. 790, 15 L. R. A.
775, 30 Am. St. 254; *Riggs* v. *Palmer* (1889), 115 N. Y.
506, 22 N. E. 188, 5 L. R. A. 340, 12 Am. St. 819; *In re
Quirk* (1914), 257 Mo. 422, 165 S. W. 1062, 51 L. R.
A. (N. S.) 817; *Edelstein* v. *United States* (1906), 149
Fed. 636, 79 C. C. A. 328, 9 L. R. A. (N. S.) 236; *United
States* v. *Freeman* (1845), 3 How. 556, 11 L. Ed. 724.

The court is of the opinion that the statute is capable
of intelligible construction and interpretation by per-
sons who possess but ordinary comprehension;
1.   and that its language conveys an adequate de-
scription of the evil intended to be prohibited.

The affidavit which charges the offense is in the language of the statute, and states a public offense. The statute is not void because of indefiniteness or uncertainty.

Judgment affirmed.