STANLEY *v.* STATE OF INDIANA.

[No. 468S58. Filed March 12, 1969. Rehearing denied April 16, 1969.]

*Robert Robinson,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *John L. Price,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a conviction under an affidavit in two counts wherein the appellant was charged in the first count with entering the business house of Hook Drugs, Inc., located at 1642 East New York Street in the City of Indianapolis with the intent to commit a felony therein, to-wit: the unlawful and felonious obtaining of unauthorized control over the property of said corporation.

The appellant was charged in the second count of the affidavit with the unlawful possession and control of narcotic drugs, to-wit: morphine and dilaudid, derivatives of opium.

Trial was by the Court without the intervention of a jury resulting in a finding of guilty on each of the two counts. Defendant was thereafter sentenced to the Indiana State Prison for two terms: one for one to ten years, and one for not less than two nor more than ten years.

Appellant's timely motion for a new trial was overruled and after appointment of counsel for the purpose of perfecting an appeal, a belated, amended motion for new trial was filed and overruled.

The appellant assigns as error in this Court the overruling of the belated motion for new trial, which motion presents the questions that the decision of the Court is not sustained by sufficient evidence, and that the decision of the Court is contrary to law.

Appellant first contends that there is no evidence in this case that he unlawfully entered the business house of Hook Drugs, Inc., with the intent to commit a felony therein. There was no evidence of any external damage to the building indicating a forceful entry on the part of the appellant; in fact, the uncontraverted evidence concerning his entry is that he did, in fact, enter the building during the regular business hours. It is, therefore, a question of whether or not there is sufficient evidence in the record to support the Trial Court's finding that he did, in fact, enter with the intent to commit a felony. The manager of the Hook Drug Store testified that he personally closed the store at 10:00 o'clock P.M. on the day in question. He stated that he followed his normal closing routine by locking all the doors and checking the store to see if any person might be remaining. He further testified that he saw no one in the store; he checked the telephone booth in the store where the appellant claims he had fallen asleep during the time the store was open. No one was in the tele-

phone booth. He further testified that the drawer containing narcotic drugs was locked at the time he left the store.

The appellant took the witness stand in his own behalf and testified that he had entered the store in question at about 11:00 o'clock and went to the telephone booth at the back of the store. He testified that he had taken some dilaudid at about 8:00 or 9:00 o'clock that evening and at the time he entered the phone booth he was feeling woozy or drowsy. He stated that while he was in the phone booth he went to sleep. When he woke up about 11:30 he was in the phone booth and feeling so bad that he went over to the narcotics drawer to get some medicine to take, and while he was searching for the medicine the police came.

The police officers testified that when they entered the store in response to an alarm at approximately 11:48 P.M. the appellant was hiding between some bottle racks in the prescription booth in the drug store, and that the narcotics drawer had been pried open and was lying on the floor. Upon searching the appellant various tablets were found in the appellant's sock. The officer testified that State's Exhibits 2 and 4 were bottles which the officer removed from the appellant's sock. The testimony of the lab technician was that State's Exhibit No. 2 contained a derivative of opium, namely: morphine, and that State's Exhibit 4 contained a derivative of opium, namely: dilaudid. These exhibits were further identified by the manager as being in the narcotics drawer in the drug store prior to the alleged offense.

Further evidence disclosed that a ladder had been moved in the back room of the drug store so as to permit access to a loft on top of the trash room, and that there were cigarette butts on top of the trash room. There was also a door which at closing time was locked between the back room and the main part of the store, which door had an obvious alarm system attached thereto. Someone, following the closing of the store that evening, had knocked a hole in the wall which

hole would permit access from the back room into the main part of the store.

It is thus apparent that there was ample evidence from which the Court could find that the appellant had, in fact, entered the store while it was still open, entered the back room, moved the ladder so as to gain access to the loft on top of the trash room, and hid awaiting the closing of the store. There was further evidence that while he hid he had smoked several cigarettes, and after determining that all authorized persons had left the store he descended the ladder, knocked a hole in the partition into the main store, went to the narcotics drawer, broke the lock on the drawer, and while in the process of removing narcotic drugs from the drawer police officers entered and found the appellant attempting to hide. Upon searching his person, they found that he was, in fact, in the unauthorized possession of narcotic drugs. Having so found, the Court was entitled to infer that the appellant did, in fact, have a felonious intent at the time he entered the store. This Court has held that the issue of intent is a question of fact to be determined by the trier of fact from all of the evidence. *Tait v. State* (1963), 244 Ind. 35, 44, 188 N. E. 2d 537. Intent may be inferred from circumstances which legitimately permit it. *Luther v. State* (1912), 177 Ind. 619, 625, 98 N. E. 640; *Kondrup v. State* (1968), 250 Ind. 320, 235 N. E. 2d 703.

The appellant next alleges that there is no evidence in the record to establish that appellant unlawfully and feloniously had morphine and dilaudid in his possession and control. He further alleges that there is no evidence that morphine and dilaudid are derivatives of opium. As above set out, it is clearly shown in the record that State's Exhibits 2 and 4 were removed from the person of the appellant by the arresting officer, and that Exhibit 2 contained a derivative of opium, namely: morphine, and that Exhibit 4 contained a derivative of opium, namely: dilaudid.

Appellant further claims the State did not prove that the appellant was not authorized by any law of the United States to have morphine and dilaudid in his possession or under his control, and that there is a total lack of evidence of such lack of authorization. This same general question has been raised many times in criminal prosecutions where the alleged crime is the doing of a thing or the possessing of a thing which under certain circumstances may be lawful, but which is alleged in the particular case to be unlawful. This Court has previously stated that when an offense is created by statute and the same or other statutes make exceptions thereto it is not necessary for the State to negate the exceptions by stating and proving that the defendat does not come within the same. It is, therefore, not incumbent upon the State in a prosecution for the unlawful possession of narcotics to prove all possible exceptions or to by affirmative evidence negate every conceivable hypothesis by which the appellant might have gained his possession lawfully. See *Day v. State* (1968), 251 Ind. 399, 241 N. E. 2d 357, 359.

In the instant case it could hardly be conceived that lawful possession could have been established in view of the fact that there is evidence that the appellant obtained the drugs in question by hiding in the store, and then breaking open the narcotics drawer to obtain the drugs found in his possession by the arresting officer.

The appellant also maintains that the statute under which the second count of the offense was charged, namely: Acts of 1935, ch. 280, § 2(a), as amended, and found in Burns' 1967 Supp. § 10-3520(a), is too indefinite and uncertain to give notice of what constitutes an unlawful act. This section reads as follows:

> "(a) It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, compound or use any narcotic drug or drugs except as authorized in the laws of the United States or the

state of Indiana, or for any person to be found in a public place under the influence of narcotic drugs. . . ."

We find nothing indefinite or uncertain in the above quoted language. By this statute every person is put on notice that the possession of a narcotic drug is unlawful *except as authorized* by the laws of the United States or the State of Indiana. Every person is, therefore, put on notice that any possession of such a drug must be authorized, and that they are required to obtain such authorization before acquiring possession. If they in fact have acquired such authorization, they may readily demonstrate the same to any official making lawful inquiry concerning their possession. We do not see how the language of this statute could mislead or confuse any possessor of narcotics. Any such person could draw no other conclusion than that to possess narcotics without express authorization under the law is a crime, and certainly any individual is in a position to know whether or not he possesses such authorization. We, therefore, find no merit to appellant's contention that the statute is unconstitutional because it is indefinite and uncertain and fails to give notice of what constitutes an unlawful act. This Court has previously held that a statute is not unconstitutional by reason of indefiniteness if it is capable of intelligent construction and interpretation by persons who possess but ordinary comprehension, if its language conveys an adequate description of the evil intended to be prohibited. *Ule v. State* (1934), 208 Ind. 255, 264, 194 N. E. 140; *Hunt v. State* (1924), 195 Ind. 585, 588, 146 N. E. 329.

The decision of the Criminal Court of Marion County, Division I is affirmed.

Arterburn and Hunter, J.J., concur.
Jackson, J., concurs in result.
DeBruler, C.J., concurs in affirming conviction on count 2, dissents to affirming of conviction on count 1 with opinion.

CONCURRING AND DISSENTING.

DeBRULER, C. J.—I concur in affirming the conviction on Count 2, charging Appellant with unlawful possession of narcotics, but I dissent from the majority opinion wherein it affirms the conviction on Count 1, charging Appellant with entering a Hooks Drugstore with intent to commit theft.

The statute alleged to have been violated in Count 2 states in part:

"Whoever enters any . . . business house . . . *with* the intent to commit a felony therein. . . ." (Emphasis added.) Burns' Ind. Stat. Ann. § 10-704.

The facts showed that Appellant entered the Hooks Drugstore between 8:00 p.m. and 9:00 p.m., during which time the drugstore was open to the public for business. At 10:00 p.m. the manager closed the store after checking to see that everyone had left. There was sufficient evidence to show that sometime between Appellant's entry and 11:48, when the burglar alarm sounded, the Appellant initiated and completed a plan to conceal himself in the storeroom of the drugstore, to wait until everyone had left the store and then to break into the narcotics drawer. The police caught the Appellant in the store in possession of the narcotics he had taken from the drawer.

I agree with Appellant's contention that there was no evidence to support an inference that he *entered* the drugstore *with* the intent to commit a theft. Undoubtedly Appellant is guilty of theft and trespass besides unlawful possession of narcotics. However, the fact that the Appellant perpetrated a scheme to conceal himself in the storeroom and committed a theft is not evidence that *at the time he entered* the store he had the intent to commit a theft. One to two hours prior to closing time Appellant entered the drugstore which was open for business to the public and also contained a pay telephone for public use. There is no evidence of when Appel-

lant formed the plan to steal the drugs. Under the statute the entry and the intent to commit a theft must be concurrent. In *Goodloe v. State* (1967), 11 Ind. Dec. 164, 248 Ind. 411, 229 N. E. 2d 626, this Court said:

> ". . . There is no evidence showing exactly when the Appellant entered the building or the Heart Association office, and there is no evidence from which it can be inferred that he entered at a time other than when the building and office were open to the general public.
>
> ". . . it is well settled that the felonious intent must exist at the time of the entry if there is to be a conviction." 11 Ind. Dec. at 168.

In full accord see: *People v. Kelley* (1916), 274 Ill. 556, 113 N. E. 926; *Conrad v. State* (1950), 154 Tex. Crim. R. 624, 230 S. W. 2d 225; *State v. Moore* (1841), 12 N. H. 43; Hall, J., Principles of Criminal Law 185-190 (2d Ed.).

The judgment on Count 1 should be reversed.

NOTE.—Reported in 245 N. E. 2d 149.