MARCIA HOWARD *v.* STATE OF INDIANA.

[No. 270S39. Filed September 15, 1971.
Rehearing denied December 2, 1971.]

*Palmer K. Ward*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Martin C. Basch*, Deputy Attorney General, for appellee.

DeBRULLER, J.—This is an appeal from a conviction in the Marion Criminal Court, Division 1. Appellant was charged by affidavit with the crime of prostitution, which crime is defined in I.C. 1971, 35-30-1-1, being Burns § 10-4220:

> "Any female who frequents or lives in a house or houses of ill fame, knowing the same to be a house of ill fame, or who commits or offers to commit one or more acts of sexual intercourse or sodomy for hire, shall be deemed guilty of prostitution, and on conviction thereof shall either be fined not less than one hundred dollars nor more than five hundred dollars; and imprisoned not to exceed 180 days or such

person may be imprisoned in the Indiana women's prison not less than two years nor more than five years."

Appellant was convicted upon trial by court.

Appellant alleges that the finding of the trial court is not supported by sufficient evidence and is contrary to law. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

Specifically, the appellant alleges that:

"There is no credible evidence in the record to support the judgment of the Court that the appellant is in fact a female person."

We cannot agree with appellant's allegation. State's witness, Police Matron Carline Davenport, testified that after appellant was arrested that she had searched the appellant, partially disrobed. She further testified that in her capacity as police matron she had seen the appellant in various stages of undress, and that in her opinion the appellant was a female person. Such evidence, uncontradicted, is clearly sufficient to sustain the finding of the trial court. We also note that the appellant's counsel as well as the prosecutor and each witness referred to the appellant as "her" or "she" indicating their belief that the appellant was a female person. Finally, the judge, as the trier of fact, had ample opportunity to observe the appellant throughout the trial. We believe the evidence more than ample to support the finding of the trial court that the appellant is a female person.

Appellant next alleges that the verdict is contrary to law in that the appellant could not commit the crime of prostitution without the assistance of a male person and claims that since the arresting officer testified he was unwilling to commit the act that the appellant did not have the necessary ability and power to commit the offense.

The appellant, however, has misconstrued the statute and the indictment. The appellant was not convicted of attempting to commit an act of prostitution but rather offering to commit an act of sexual intercourse for hire. It is the offering to commit such act for hire that is proscribed by statute and for which the appellant was indicted and convicted. Burns § 10-4220, *supra; Williams* v. *State* (1970), 254 Ind. 4, 256 N. E. 2d 912.

Both arresting officers testified that the appellant offered to engage in acts of sexual intercourse or sodomy for a price of $10.00. The evidence is sufficient to sustain the conviction of the appellant for offering to engage in acts of sexual intercourse for hire in violation of the aforementioned statute. Judgment of the trial court affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

Note.—Reported in 277 N. E. 2d 870.