296 N.E.2d 131 (1973)
Johnnie Marie SUMPTER, Appellant (Defendant below),
v.
STATE of Indiana, Appellee (Plaintiff below).
No. 1-872A54.
Court of Appeals of Indiana, First District.
May 21, 1973.
Rehearing Denied June 18, 1973.
*132 John D. Clouse, Evansville, for appellant.
Theodore L. Sendak, Atty. Gen., Darrel K. Diamond, Deputy Atty. Gen., for appellee.
LYBROOK, Judge.
Sumpter was convicted by jury of living in a house of ill fame, pursuant to IC 1971, XX-XX-X-X; Ind. Ann. Stat. § 10-4220 (Burns 1972 Supp.) which reads:
"Any female who frequents or lives in a house or houses of ill fame, knowing the same to be a house of ill fame, or who commits or offers to commit one [1] or more acts of sexual intercourse or sodomy for hire, shall be deemed guilty of prostitution, and on conviction thereof shall either be fined not less than one hundred dollars [$100] nor more than five hundred dollars [$500]; and imprisonment not to exceed 180 days or such person may be imprisoned in the Indiana women's prison not less than two [2] years nor more than five [5] years."
Sumpter's first contention is that the conviction was not supported by sufficient evidence because the State did not specifically prove beyond a reasonable doubt that the defendant was a female.
The evidence showed that on the date charged, July 15, 1971, defendant was the owner of certain real property in the City of Evansville. The telephone and other utilities were in defendant's name. There were six bedrooms in the residence and defendant occupied the largest one which was on the first floor. There was evidence that defendant lived in the house and that the remaining bedrooms were used in the operation of a house of ill fame. Two former patrons testified that on the above date defendant had answered their knock at the door and admitted them. One of them had sexual relations in a basement bedroom with a person other than the defendant. When they departed, defendant let them out the door. The men testified that they had each patronized the house on about twenty prior occasions and had sexual relations with various prostitutes.
Sumpter argues that the State totally failed to prove that the defendant was a female person, as required by the above statute. We agree.
The statute begins, "Any female ...", thus making proof that defendant was a female, an essential element.
The defendant did not take the stand and there was no testimony, lay or expert, as to defendant's sex.
The State argues that Howard v. State (1971), Ind., 272 N.E.2d 870, which also involved a conviction under Burns 10-4220, is dispositive of this issue. The court in Howard observed:
"State's witness, Police Matron Carline Davenport, testified that after appellant was arrested that she had searched the appellant, partially disrobed. She further testified that in her capacity as police matron she had seen the appellant in various stages of undress, and that in her opinion the appellant was a female person. Such evidence, uncontradicted is clearly sufficient to sustain the finding of the trial court. We also note that the appellant's counsel as well as the prosecutor and each witness referred to *133 the appellant as `her' or `she' indicating their belief that the appellant was a female person. Finally, the judge, as the trier of fact, had ample opportunity to observe the appellant throughout the trial. We believe the evidence more than ample to support the finding of the trial court that the appellant is a female person." [Our emphasis.]
In the case at bar there is no uncontradicted direct evidence of defendant's sex. However, as in Howard, there were numerous references to defendant as "she" or "her" and defendant was present in the court room throughout the trial.
The State maintains that Howard holds that anyone of the above categories of evidence is sufficient proof of sex.
A careful reading of Howard reveals that direct, lay-opinion evidence upon this subject is sufficient. Howard does not hold that either reference to a defendant by feminine pronoun or defendant's presence at the trial, is sufficient proof.
An analogous question arises in the proof of age required by the Armed Robbery Statute. In Watson v. State (1957), 236 Ind. 329, 140 N.E.2d 109, the court found the age requirement (16 years) to be an essential element of the criminal offense, to be charged and proved. The court also held that where the defendant had not taken the stand and where there was no direct evidence concerning his age, the State had failed to prove the crime.
The court said:
"The defendant did not testify or take the witness stand. May the jury observe the defendant as he sat in the court room and therefrom determine his age or conclude from the use of the term `man' that he was more than sixteen years of age? If the defendant had taken the witness stand the jury would have been entitled to observe his demeanor and other characteristics while testifying. In observing the witness the jury undoubtedly could have arrived at some conclusion as to his age."
* * * * * *
"One of the purposes of the trial is to confine evidence which a jury or court may consider to that which meets the legal test of being material, relevant, and otherwise competent. These rules have been developed through centuries of experience as the best method of excluding in so far as possible hearsay and other unreliable sources of information in an endeavor to seek the truth. To let the bars down and turn the jury loose to seek its own information where it cares to find it, would open a Pandora's box of innumerable injustices in verdicts rendered.
A jury looking about the court room, seeing objects brought into the court room, has no right to consider such extrinsic material, and base their verdict thereon, or draw inferences therefrom, without such exhibits being properly referred to for their observation as evidence in the trial. The same rule holds true as to persons within the view of the jury during the trial." [Our emphasis.]
The State's argument that the jury could properly determine that defendant was female, simply because the defendant was in the court room during the trial, must fail because of the above holding of Watson.
Since there was no direct evidence of appellant's sex, we are left with the question whether the reference to the defendant by counsel and some of the witnesses, as "she", "her", and "Miss Luker" are sufficient proof of the defendant's sex.
We think not. As the court said in Watson, supra:
"The proof of a crime should not be left to a game of guessing."
The State having failed to prove an essential element of the crime charged, this cause is reversed.
ROBERTSON, P.J., and LOWDERMILK, J., concur.