ROBERT McGOWAN v. STATE OF INDIANA.

[No. 2-975A223. Filed October 13, 1976. Rehearing denied November 15, 1976. Transfer granted September 6, 1977.]

---

3. IC 1971, 28-1-2-26 (Burns Code Ed.).

*Kenneth T. Roberts, Wilson, Coleman & Roberts,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

WHITE, J.—Appellant McGowan appeals from his conviction of armed robbery, contending that the evidence is insufficient to prove an essential element of the crime, i.e., that he was over sixteen (16) years of age when the crime was committed. A thorough search of the trial transcript reveals no evidence of McGowan's age. Thus an essential element of armed robbery was not proved. *Watson* v. *State* (1957), 236 Ind. 329, 333, 140 N.E.2d 109, 110.

Impliedly conceding the failure of proof, the State argues, first, that the issue was waived since it was not specifically presented in the motion to correct errors and, second, that the pre-sentence investigation report indicates that McGowan is over sixteen. The first argument overlooks Trial Rule 50(A)(5) which provides that in a criminal case insufficiency of the evidence can be raised initially on appeal. *Johnson* v. *State* (1975), 167 Ind. App. 292, 338 N.E.2d 680, 682. The second argument ignores the basic principle of law that a defendant can be convicted only on the evidence presented at trial. *Hardin* v. *State* (1973), 260 Ind. 501, 502, 296 N.E.2d 784.

The judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

Robertson, C.J., participating by designation, concurs; Sullivan, J., concurs with opinion.

## CONCURRING OPINION

SULLIVAN, J.—The Court of Appeals in *Sumpter* v. *State* (1973), Ind. App., 296 N.E.2d 131 reversed a conviction in which the sex of the defendant was an essential element of the crime. In so doing, the court relied exclusively upon *Watson* v. *State* (1957), 236 Ind. 239, 140 N.E.2d 109.

Upon transfer, our Supreme Court acknowledged that the Court of Appeals had correctly applied existing law but stated:

"However, we also believe that the existing law is in need of modification." *Sumpter* v. *State* (1974), 261 Ind. 471, 306 N.E.2d 95, 98. The Supreme Court, thereby, may have cast some doubt upon the controlling effect of the *Watson* case.

Nevertheless, unlike some jurisdictions, *see* Anno. 49 A.L.R. 3d 526 (1973), Indiana law holds that statutes similar to that before us make such facts as sex or age essential elements upon which the State bears the burden of proof. *See Sumpter* v. *State, supra; Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255. Such matters are not affirmative defenses. Nor does our binding case law permit us to construe the statute defining the offense of armed robbery to contain an exception for defendants under the age of sixteen (16), proof of which must be borne by the defendant. Compare cases collected in 49 A.L.R. 3d *supra* at 533, *et seq.* If a change in the law is to be made it must come from our General Assembly or our Supreme Court.

Additionally, I do not view age (even in the context of an "over or under" question) as sufficiently analogous to sex

so as to prompt remand for a "judicial notice" determination upon that issue alone. *See* remand order in *Sumpter* v. *State,* 306 N.E.2d *supra* at 104, by Justice Hunter in which one Justice joined.

Accordingly, I concur in the reversal of McGowan's conviction and in the mandate for a new trial.

NOTE.—Reported at 355 N.E.2d 276.