ROBERT MCGOWAN *v.* STATE OF INDIANA.

[No. 977S635. Filed September 6, 1977.]

Kenneth T. Roberts, Wilson, Coleman & Roberts, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, for appellee.

OPINION ON PETITION TO TRANSFER

HUNTER, J.—Robert McGowan, the defendant below, was convicted after a jury trial, of armed robbery.[1] The Court of Appeals reversed this conviction, finding the evidence insufficient. McGowan v. State, (1976) Ind. App., 355 N.E.2d 276. The state petitions for transfer on the grounds that sufficiency of the evidence was waived by the defendant's failure to present this issue in his motion to correct errors, and that even if the issue was preserved for appeal, the element of an accused's age is unique in character.

We agree with the Court of Appeals, to the extent their decision holds that the sufficiency of the evidence to support a conviction may be raised for the first time on appeal in criminal cases. Ind. R. Tr. P. 50 (A) (5) ; Collins v. State, (1977) 266 Ind. 430, 364 N.E.2d 750.

However, the issue of whether McGowan was over sixteen years of age is not available on appeal for another reason. If McGowan were not sixteen, the state would have no authority to prosecute him for or convict him of the crime charged. The issue of the accused's age should have been pleaded in the trial court by a motion to dismiss.[2]

This is not to say that lack of age is a defense. That the accused is over sixteen years of age is an essential element

---

1. Ind. Code § 35-12-1-1 (Burns 1975).
2. Ind. Code § 35-3.1-1-4 (Burns 1975).

of armed robbery as defined by the legislature. *Watson* v. *State*, (1956) 236 Ind. 329, 140 N.E.2d 109.

Once the issue is pleaded by motion to dismiss and a supporting memorandum,[3] the prosecution must respond and bear the ultimate burden of proof beyond a reasonable doubt. Age and sex, where they are elements of the offense charged, are peculiar and discrete elements, remote from the actions constituting the crime. They are exclusive elements without which the prosecution may not proceed. However, it is needless and defeating to require the prosecution to establish these elements in every case, when their existence is often evident, and for this reason the state carries a presumption in its favor as to both the age and sex of the accused, until that presumption is nullified by a properly raised motion to dismiss. This is similar to the presumption of an accused's sanity which disappears after a plea of insanity has been made and competent evidence introduced. *Young* v. *State*, (1972) 258 Ind. 246, 280 N.E.2d 595.

For all the foregoing reasons there was no trial error and the judgment should be affirmed.

Transfer is therefore granted and the judgment affirmed.

Givan, C.J., Prentice and Pivarnik, JJ., concur; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—Appellant was convicted of armed robbery. Ind. Code § 35-12-1-1 (Burns 1975) defining such crime provides: "Any person who being over sixteen [16] years of age, commits or attempts to commit. . . ." This section of the statute makes age an essential element of the offense. *Watson* v. *State*, (1956) 236 Ind. 329, 140 N.E.2d 109; *Goldstine* v. *State*, (1952) 230 Ind. 343, 103 N.E.2d 438. A conviction for armed robbery must therefore be predicated upon a finding of fact by the trier of fact that the accused was

---

3.  Ind. R. Crim. P. 3.

over the age of sixteen years at the time of the alleged offense. Here, as accepted by the majority, no evidence whatsoever was presented at the trial upon which this necessary finding of fact could have been made. The conviction cannot therefore, consistent with due process of law, be permitted to stand as there is no evidence in the record which rationally justifies a finding that appellant was over sixteen years of age at the time of the offense. *Thompson* v. *City of Louisville,* (1960) 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654, 80 A.L.R.2d 1355.

NOTE.—Reported at 366 N.E.2d 1164.