GEORGE E. SMITH, JR. *v.* STATE OF INDIANA

[No. 1177S795. Filed December 5, 1978.]

*James D. McQuillan,* of Gary, for appellant.

*Theodore L. Sendak*, Attorney General, *Dennis K. McKinney*, Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Smith was tried to a jury in the Lake Criminal Court on May 24, 1977 on the following five counts: (1) commission or attempted commission of a felony (second-degree murder) while armed; (2) robbery; (3) first-degree premeditated murder; (4) first-degree felony (rape) murder, and; (5) rape. Smith was convicted on all counts and was sentenced as follows: thirty years imprisonment for the armed felony, ten to twenty-five years for robbery, twenty-one years for rape, and life imprisonment for premeditated murder. A second life sentence for felony murder was deemed "merged" into the sentence on the count charging premeditated murder.

Appellant presents two issues for our review concerning (1) whether the trial court erred by denying appellant's motion for mistrial, and; (2) whether there was sufficient evidence to support the convictions.

I.

The first allegation of error concerns the trial court's denial of appellant's motion for mistrial. This motion was made after the court had been evacuated because of a bomb threat which had been phoned in by an unknown person. Appellant contends that a mistrial should have been granted because the bomb threat might have upset the jurors and because the evacuation interrupted defense counsel's cross-examination of the state's key witness.

The decision to grant or deny a mistrial lies in the sound discretion of the trial court and is reviewable solely on the question of abuse thereof. *Downs v. State*, (1977) 267 Ind. 342, 369 N.E.2d 1079, 1080; *Bradberry v. State*, (1977) 266 Ind. 530, 364 N.E.2d 1183, 1187. When the jurors returned to the courtroom following the bomb threat, the trial judge addressed the jury as follows:

"I have previously indicated to the jury off the record that the purpose of this delay as I led you out of the building was a purported telephonic bomb scare or bomb threat. The content of which we are all unaware and you know we don't know the person or persons responsible therefore or for what purpose such a threat was uttered.

"Is there anyone here who feels that their ability to act as a juror is impaired by reason of this? I see no affirmative responses. If you wish to affirmatively respond, would you raise your hand?

"Will each of you render a verdict according to the oath that you have previously taken and that is to render it upon the evidence presented in open court and only that evidence?

"Will each of you by a nod of the head indicate an affirmative answer? All right. I don't think there is any reason to pursue the issue further.

"We are on cross-examination, you may continue." We think this admonishment adequately cured whatever prejudice may have arisen as a result of the bomb threat. If a jury is admonished by the trial judge to disregard what has occurred at trial, or if other reasonable curative measures are taken, reversible error will not normally be found. *Misenheimer v. State*, (1978) 268 Ind. 274, 374 N.E.2d 523, 530; *Ballard v. State*, (1974) 262 Ind. 482, 489, 318 N.E.2d 798, 803.

## II.

Appellant next advances two claims with respect to the sufficiency of the evidence. First, it is argued that the verdict of guilty on the armed felony count was contrary to law because there was no evidence presented which would prove that appellant was over sixteen years of age. As this claim was not presented by a motion to dismiss, appellant's argument must fail. *McGowan v. State*, (1977) 267 Ind. 16, 366 N.E.2d 1164.

Appellant also contends that there was insufficient evidence from which the jury could have concluded, beyond a reasonable doubt, that appellant was guilty of murder. When reviewing the sufficiency of the evidence, this court can neither weigh evidence nor judge the credibility of witnesses. Rather, we look to the evidence most favorable to the state along with the reasonable inferences to be drawn therefrom. *Mosley v. State*, (1977) 266 Ind. 675, 366 N.E.2d 648, 649.

The evidence presented at trial disclosed that on the evening of June 6, 1975, Shirley Taylor and Dora Slayden were leaving Shirley's Elite Barber Shop in Gary, where the two worked as barbers, when appellant asked Shirley for a ride home. Appellant, who was a regular customer of the shop, gave Shirley an address on Fillmore Street and the three

proceeded to that location in Shirley's car. When they arrived, appellant drew a gun and ordered the women into the house which, as it turned out, was abandoned. Once inside, appellant ordered the two women to undress and took the contents of their purses. He told Dora to lie face-down on the floor while he beat Shirley about the head with the gun and then raped her. During this time, appellant threatened to kill both Dora and Shirley on several occasions. Thereafter, appellant shot Dora twice in the head. Dora testified that before losing consciousness she heard appellant say to Shirley, "let's go," and then heard footsteps. Approximately twelve hours later the body of Shirley Taylor was found near the Gary Airport. A pathologist testifed that she had died as a result of three gunshot wounds to the area of the head.

We find this evidence sufficient to support the jury's verdict of guilty on counts charging appellant with the murder of Shirley Taylor.

The judgment of the trial court is affirmed.

All Justices concur.

NOTE—Reported at 382 N.E.2d 937.