Charles Edward BURTON, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 2–282A47.

Court of Appeals of Indiana, Second District.

July 13, 1982.

M. Anne Wilcox, Ralph Ogden, J. William DuMond, Wilcox, Ogden & DuMond, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Charles Edward Burton (Burton) appeals his convictions of sale of a vehicle identification number plate (VIN tag), I.C. 9–1–3.6–11(a) and a vehicle title certificate, I.C. 9–1–3.6–11(b) claiming, *inter alia*, that the conduct he engaged in is not proscribed by statute.

We reverse.

## FACTS

The pertinent facts are essentially undisputed:

On February 4, 1980 Burton sold, to an undercover Indiana State Police Officer, the VIN tag and title to a 1970 Ford pickup truck. The truck itself was wrecked and was not sold to the officer.

On November 12, 1980, an information was filed charging Burton with violation of I.C. 9–1–3.6–11(a) and (b), which respectively forbid and make a Class D Felony of the possession or sale of disattached VIN tags or title certificates from "total loss or salvage" vehicles. Following a jury trial held May 21 and 22, 1981, Burton was found guilty of both charges. He was sentenced to two concurrent two year terms. Following the denial of his motion to correct errors on December 1, 1981, he perfected this appeal.

Because of our resolution of this case, we consider only the following issue:

## ISSUE

Did Burton's conduct violate the statutes under which he was charged?

## DECISION

CONCLUSION—The applicable chapter under which Burton was prosecuted does not proscribe his conduct.

 Burton was charged with and convicted of violating the following subsections of I.C. 9–1–3.6–11:

> Offenses. (a) A person who knowingly possesses, buys, sells, exchanges, gives away, or offers to buy, sell, exchange or give away any manufacturer's identification plate or serial plate which has been removed from any motor vehicle, semitrailer, or recreational vehicle which is a total loss or salvage commits a Class D Felony (b) A person who knowingly possesses, buys, sells, exchanges, gives away, or offers to buy, sell, exchange or give away any certificate of title or ownership papers from a non-title state of a motor vehicle, semitrailer, or recreational vehicle which is a total loss or salvage commits a Class D felony.

Section 6 of the same Indiana Code chapter limits the scope of the chapter's application:

> Application of Chapter. *This chapter applies each year to motor vehicles, semitrailers or recreational vehicles manufactured within the last five (5) model years, which includes the current and four (4) prior model years.* The commissioner shall establish guidelines for determining the applicability of the model year effective dates for each year. The commissioner may extend the model years to be covered each year by this chapter up to a maximum of ten (10) model years, which includes the current and nine (9) prior model years upon conducting a public hearing and after giving reasonable notice to known business affected by this chapter.

I.C. 9–1–3.6–6 (emphasis added) (hereinafter referred to as the limitation section).

The record unequivocally shows that the transaction involved in this case occurred in

1980 and concerned a 1970 vehicle. No statutory interpretation is necessary for us to conclude that Burton's conduct fell beyond the scope of the prohibitions. The plain meaning of the limitation section[1] limits the application of Chapter 3.6 to vehicles five years old or newer. This case involved a truck which was 10 years old at the time of the alleged offense.[2] So I.C. 9–1–3.6–11 does not apply.

■ The State would circumvent the limitation statute with the somewhat ingenious argument that it provided Burton only with an affirmative defense which he failed to avail himself of at trial. However, the only cases cited by the State merely stand for the proposition that affirmative defenses must originally be raised at trial. A section which limits the application of an entire chapter of the code can not be characterized as an "excuse or justification" similar to "insanity, intoxication, self-defense and similar claims of justification for conduct that would otherwise be criminal, and excuses such as necessity and duress." W. Lafave, A. Scott, *Handbook on Criminal Law* (1972) at 152.

Nor is the limitation in this case a "statutory exception" (as distinguished from an affirmative defense, *see id.* at 154–55). Indiana cases involving statutory exceptions deal with provisions which are differently worded than the limitation section. The operative language of the limitation section is "[t]his chapter *applies* . . ." In *Stanley v. State* (1969) 252 Ind. 37, 245 N.E.2d 149, the defendant was prosecuted for the possession of narcotics. The court rejected his claim that the State had the burden of showing that he was *not* an authorized possessor of the drugs. Unlike the limitation

section in this case, the exception in *Stanley* read that it was unlawful to possess certain drugs "*except* as authorized [by law]." *Id.* 245 N.E.2d at 152 (emphasis added).

Similarly, in *Day v. State*, (1968) 251 Ind. 399, 241 N.E.2d 357, the exception statute was clearly worded as such. In carving out exceptions to the 1935 Firearms Act the statute states: "The provisions of the preceding section *shall not apply* to marshals . . ." Burns' Code § 10–4737 (1956 Replacement). The foregoing exception statutes are in marked contrast to the limitation section which delineates the application of an entire code chapter with the positive wording "this chapter applies."

The State next attempts a waiver argument claiming that even if the limitation section adds an essential element to the offenses with which Burton was charged, he has waived any objection to the omission of proof regarding that element. This is not true, as Burton in a Motion to Dismiss filed on March 10, 1981, raised a question as to the age of the vehicle (*R.* 50, 54).

We are not confronted here with a situation in which no proof has been presented on an element of the offense. In this case the State affirmatively established Burton conveyed documentation to a vehicle which was 10 years old.

Retreating to the last ditch, the State urges us to analyze this case in light of *McGowan v. State*, (1977) 267 Ind. 16, 366 N.E.2d 1164. That case held that even an element of an offense may be presumed if it is "remote from the actions constituting the crime," *id.* 366 N.E.2d at 1165, and the presumption has not been nullified by a proper motion to dismiss. Unlike the case at bar, in *McGowan* there was *no* evidence

1. I.C. 1-1-4-1 provides that statutes shall be applied according to the plain meaning of their language.

2. We observe that the limitation section vests in the commissioner power to extend the application of the chapter "up to a maximum of ten (10) model years, which includes the current and nine (9) prior model years . . ." *Id.* Our search of the applicable administrative regula-

tions fails to disclose the exercise of such power by the commissioner, 140 IAC 6–1–16. Even had the commissioner extended the ambit of the chapter to its greatest extent, the transaction in this case would still go beyond the scope of the statute: In 1980 the current model year and nine prior model years would extend the chapter's operation only back to 1971 models.

presented regarding the defendant's age. The court could therefore indulge the State's unrebutted presumption that McGowan was over 16 years old at the time of the offense. By presenting uncontroverted evidence showing Burton's conduct was beyond the scope of the statute, the State proved itself out of court.

Because the State established that Burton's conduct was not unlawful, the convictions must be and are

REVERSED.

SHIELDS and SULLIVAN, JJ., concur.