Wallace J. FINCH, Appellant,

v.

STATE of Indiana, Appellee.

No. 782S273.

Supreme Court of Indiana.

Oct. 18, 1983.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a judgment denying post-conviction relief. Appellant Finch was convicted of armed robbery and kidnapping and the conviction was affirmed in his first and direct appeal. *Finch v. State,* (1975) 264 Ind. 48, 338 N.E.2d 629, (DeBruler, J., dissenting).

Appellant, in his first appeal, argued that the evidence was insufficient in that there was no evidence that he was over sixteen years of age at the time of the alleged offense of robbery, age being an element at that point in time of the offense of armed robbery. The Court held that appellant had waived the right to appeal the issue of the sufficiency of evidence of that element because he had failed to specifically point out this alleged insufficiency in this motion to correct errors as required by Ind.R.Tr.P. 59. Subsequent to the rendition of that opinion this Court overruled waiver caselaw of this genre, and ruled that insufficiency of evidence is so fundamental that it may be raised for the first time on appeal. *Collins v. State,* (1977) 266 Ind. 430, 364 N.E.2d 750; Ind.R.Tr.P. 50. The post-conviction court below agreed with appellant on this point and reached the merits of his insufficiency claim, but relying on *McGowan v. State,* (1977) 267 Ind. 16, 366 N.E.2d 1164, (DeBruler, J., dissenting) determined that the claim was not sustainable. This appeal followed.

▉ It is elementary in the area of criminal law that the Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt. *In Re Winship,* (1970) 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368; *Jackson v. Virginia,* (1979) 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Proof of guilt is synonymous with proof of each essential element of the substantive crime as defined by statute. The crime of which appellant was convicted was armed robbery, Ind.Code § 35–12–1–1 (Burns 1975). That crime was defined as follows at the time of his alleged criminal acts:

> "Any person who being over sixteen years of age, commits or attempts to commit any felony while armed with a dangerous or deadly weapon...."

According to *McGowan v. State, supra,* age was an element of the offense of which appellant Finch was convicted, however it was peculiar, discrete and remote from the actions constituting the offense and as such proof of it was not essential to conviction unless the defendant first filed a pre-trial motion to dismiss denying the requisite age. A majority of the Court said:

> "[I]t is needless and defeating to require the prosecution to establish these elements in every case, when their existence is often evident, and for this reason the state carries a presumption in its favor as to ... the age ... of the accused, until that presumption is nullified by a properly raised motion to dismiss."

▉ Appellant concedes that if the *McGowan* holding were now to be applied to his case, he would fare no better than

Mr. McGowan. He argues however that *McGowan* should not apply to his case, because it was not in existence at the time his original appeal was decided in 1975, and because *McGowan* is now unconstitutional under the holding of the United States Supreme Court in *Sandstrom v. Montana,* (1979) 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39. On the first point we find no reason to believe that appellant Finch would have been treated any differently than Mr. McGowan, had this Court reached the merits of his insufficiency of evidence claim in his first appeal. If *McGowan* is considered a new and fresh direction in the law then Mr. McGowan is the first person against whom the rule was applied. From a fairness standpoint appellant is treated in the same manner as Mr. McGowan, so long as he has an opportunity to challenge the rationale of the rule. Our post-conviction rule has provided him with that opportunity.

Appellant's contention that this Court's holding in *McGowan* is unconstitutional under the holding of the United States Supreme Court in *Sandstrom v. Montana, supra,* does not withstand close scrutiny. There the accused was charged with homicide. An element of the offense was the intentional or knowing state of mind. The jury was instructed that "the law presumes that a person intends the ordinary consequences of his voluntary acts." The defense was no such mental state. The Court held the instruction unconstitutional because the jury may have interpreted it as constituting a burden shifting presumption or a conclusive presumption, in violation of due process. The *McGowan* holding creates neither type of presumption, as age does not become an issue to be resolved by the trier of fact or this Court on appeal, unless the required motion to dismiss is directed to the trial judge. Consequently the *McGowan* holding withstands the due process challenge on the basis of *Sandstrom,* and appellant is not entitled to post-conviction relief because the waiver cases relied upon in his first and direct appeal have been subsequently overruled.

■ Finally, appellant contends that the court below erred in ruling that he had not been deprived of his right to trial by jury through the exercise by the prosecution of a peremptory challenge. Appellant is black. The victim was white. The prosecution peremptorily challenged the lone black juror available in the jury venire. We assume that no black person served on the jury.

The peremptory challenge system is a two-way street. Each side has its own lane. This Court found the system to be consistent with the right to jury trial in a similar situation in *Swope v. State,* (1975) 263 Ind. 148, 325 N.E.2d 193. We reasoned as follows:

"In *Swain v. Alabama* (1965), 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759, the United States Supreme Court held that the peremptory system, which permits challenges exercised 'without a reason stated, without inquiry and without being subject to the court's control,' might be used to excuse a person on the basis of his race, religion, nationality, occupation, or affiliations. 380 U.S. at 220 [85 S.Ct. at 835–836]. 'The function of the challenge is not only to eliminate extremes of partiality on both sides, but to assure the parties that the jurors before whom they try the case will decide on the basis of the evidence placed before them, and not otherwise.' 380 U.S. at 219 [85 S.Ct. at 835]. Although Alabama had a system of struck juries, the *Swain* holding specifically included the peremptory challenge system also." 263 at 156, 325 N.E.2d 193.

*Swope* is decisive here. There was no error in denying post-conviction relief on this basis.

The judgment is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.