Marvin IVY, Appellant,

v.

STATE of Indiana, Appellee.

No. 1185S478.

Supreme Court of Indiana.

Aug. 14, 1986.

Brian May, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a finding of guilty of Attempted Murder and Robbery Resulting in Serious Bodily Injury, both Class A felonies. Appellant was sentenced to thirty (30) years imprisonment.

The facts are: On September 25, 1984, Marvin Peak, Donald Avance, Donald Harris and appellant decided that they were going to rob a cab driver. They called a cab and when it arrived they all entered. Avance was armed with Harris' .22 caliber pistol and Harris was armed with a chain. After they entered the cab, Harris threw the chain around the victim's neck while the others proceeded to rob him. When the victim tried to call for help, Avance shot at him but struck appellant instead. The four of them escaped on foot.

Appellant claims the trial court erred in denying his motion for a mistrial during *voir dire*. During *voir dire* of the jury, when a prospective juror was advised that one of appellant's accomplices had agreed to testify against appellant as a result of a plea bargain, the juror inquired as to why appellant had not done the same thing to his accomplice. The court then admonished the prospective jurors that appellant had pled not guilty and that his guilt or innocence was to be determined by the jury on the basis of the evidence presented. They were not to speculate or make any assumptions or presumptions concerning any plea bargaining process.

A ruling on a motion for mistrial is largely within the discretion of the trial court. This Court will reverse the trial court only when it is shown that appellant was placed in a position of grave peril to which he

should not have been subjected. *Morgan v. State* (1981), 275 Ind. 666, 419 N.E.2d 964. When a trial judge admonishes a jury to disregard occurrences such as that above recited, his refusal to grant a mistrial is generally not reversible error. *Tinnin v. State* (1981), 275 Ind. 203, 416 N.E.2d 116; *Smith v. State* (1978), 270 Ind. 1, 382 N.E.2d 937.

The juror who made the inquiry was not seated. The comment by that juror could hardly be considered as extremely detrimental to appellant. It was not of such a nature that it could not be cured by the admonition to the jurors who did serve. We find no reversible error in this regard.

■ Appellant claims the trial court erred in denying his motion for mistrial when his own witness under cross-examination by the State volunteered that appellant had participated in another crime. As a general rule, evidence of other unrelated crimes is irrelevant and highly prejudicial. *Williams v. State* (1985), Ind., 481 N.E.2d 1319.

The comment appellant now objects to was uttered by his aunt, Yvonne Ivy, whom he had called as an alibi witness. When the State cross-examined her, she, in an unresponsive answer, alluded to the fact appellant had previously been arrested for another crime. The court immediately instructed the prosecutor to stay away from any mention of the other crime. Several questions later, the witness again mentioned that her nephew had been in jail on other matters. Again, the answer was not responsive to the question asked.

The record discloses there was no attempt on the part of the prosecuting attorney to "sandbag" appellant by introducing evidence of unrelated crimes, nor is there any evidence that the witness was attempting to inform the jury of her nephew's prior crimes. The witness had testified that her nephew was at her home on the evening the crime was committed. The prosecutor was merely attempting to establish the specific times and how and when the witness had learned of the instant crime. In searching her mind to answer the questions, the witness appeared to be "thinking out loud" and inadvertently alluded to prior arrests in carrying out this mental process. Under the circumstances the trial judge was well within his discretion in refusing the motion for mistrial. *Woodford v. State* (1980), 273 Ind. 487, 405 N.E.2d 522.

■ Appellant claims the evidence was insufficient to convict him of the crimes of attempted murder and inflicting serious bodily injury in the perpetration of a robbery. Appellant acknowledges that this Court will not reweigh the evidence on appeal. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214. Appellant takes the position that the only evidence connecting him with the crime in question was the testimony of his accomplice, Peak. He points out that following his testimony Peak wrote a letter to appellant stating that his testimony was a lie. This letter was brought to the attention of the jury. It was pointed out that the letter was not written under oath, whereas the accomplice's testimony had been given under oath. Since the jury was fully advised of the entire situation, it was their exclusive prerogative to weigh the conflicting evidence and make a determination as to the truth of the matter. *See Rodgers v. State* (1981), Ind., 422 N.E.2d 1211.

The uncorroborated testimony of an accomplice will support a conviction. *Taylor v. State* (1981), Ind., 425 N.E.2d 141. Under the circumstances of this case we see no reason for this Court to overturn the verdict of the jury on the basis of insufficient evidence.

■ Appellant claims the trial court erred in refusing his Tendered Instruction No. 2. The instruction reads as follows: "A codefendant is a competent witness. However[,] his testimony may be subject to considerable question for credibility." The court's Instruction No. 5 addressed itself to the weighing of the testimony of the various witnesses, taking into consideration their bias, interest and prejudice. This was a proper instruction and sufficiently in-

structed the jury on that question. It is improper to single out a witness for specific treatment in an instruction. *Gadacz v. State* (1981), Ind., 426 N.E.2d 376; *Drollinger v. State* (1980), 274 Ind. 5, 408 N.E.2d 1228.

The trial court did not err in refusing to give appellant's Tendered Instruction No. 2.

The trial court is in all things affirmed.

All Justices concur.