**Joshua STATON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 85A02–0508–CR–719.**

Court of Appeals of Indiana.

March 1, 2006.

Transfer Granted May 25, 2006.

Craig Persinger, Marion, for Appellant.

Steve Carter, Attorney General of Indiana, Kelly A. Miklos, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

SULLIVAN, Judge.

Following a jury trial, Appellant, Joshua Staton, was convicted of Sexual Misconduct with a Minor, a Class C felony.[1]

---

1. Ind.Code § 35–42–4–9(a) (Burns Code Ed. Repl.2004).

Upon appeal, Staton argues that there was insufficient evidence to prove beyond a reasonable doubt that he was eighteen years of age at the time of the offense.

We affirm.

On April 20, 2004, the State charged Staton with one count of sexual misconduct with a minor, a Class C felony, stemming from an incident which occurred on January 18, 2004. A jury trial was held May 26, 2005, at the conclusion of which the jury found Staton guilty as charged. On July 11, 2005, the trial court sentenced Staton to four years imprisonment, with one year suspended and to be served on probation.

Upon appeal, Staton challenges the sufficiency of the evidence in support of his conviction, arguing specifically that the State failed to prove beyond a reasonable doubt that he was eighteen years of age at the time of the offense. At trial, the State's evidence of Staton's age at the time of the offense, all of it circumstantial, was through the testimony of the victim, E.G. Following E.G.'s testimony that she was born on July 8, 1988, thus making her fifteen years old at the time of the incident, E.G. testified that she "imagine[d]" that Staton was four years older than she. Transcript at 41. When asked if she knew when Staton graduated from high school, E.G. answered, "I'd say a year before my sister, so '03, I'm thinking." Transcript at 41. E.G. also testified that in January 2004, Staton was a freshman at Manchester College. Finally, E.G. testified that it was her "understanding" that Staton was eighteen years old at the time of the incident in January 2004. Transcript at 42.

Staton asserts that E.G.'s testimony is insufficient to prove his age beyond a reasonable doubt because it is "unsubstantiated, tentative, and without any substantive foundation other than her subjective beliefs." Appellant's Br. at 6. The State argues that E.G.'s opinion testimony, coupled with her testimony that Staton was a freshman in college, was sufficient evidence from which the jury could have reasonably inferred that Staton was eighteen years of age at the time of the incident.

■■■ We need not consider whether the evidence presented was sufficient to establish Staton's age at the time of the offense because Staton did not follow the proper procedure for preserving the issue of his age for appellate review. In *McGowan v. State*, 267 Ind. 16, 17–18, 366 N.E.2d 1164, 1165 (1977), our Supreme Court held that an accused is presumed to have attained the age necessary for a conviction of a crime unless the presumption is challenged through a motion to dismiss and supporting memorandum. Where the accused does not raise the issue of his age in a motion to dismiss, the issue is not available upon appeal. *Id.; see also Smith v. State*, 270 Ind. 1, 382 N.E.2d 937 (1978); *Owen v. State*, 269 Ind. 513, 381 N.E.2d 1235 (1978); *Roddy v. State*, 182 Ind.App. 156, 394 N.E.2d 1098 (1979).[2] Here, Staton does not claim, and our review of the record does not indicate that Staton filed a motion to dismiss challenging his age. He has therefore waived the issue of his age for appellate review.[3]

---

2. In *Finch v. State*, 454 N.E.2d 856 (Ind. 1983), the Supreme Court held that the *McGowan* holding withstood a due process challenge on the basis of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

3. In Judge Vaidik's separate concurrence in result, she sets forth the logical premise, supported by persuasive policy considerations, that if a particular fact is an element of the crime it must be proved beyond a reasonable doubt by the State. Failure by the defendant to raise this issue in a Motion to Dismiss the

The judgment of the trial court is affirmed.

FRIEDLANDER, J., concurs.

VAIDIK, J., concurs in result with separate opinion.

VAIDIK, Judge, concurring in result.

I concur with the result reached by the majority, but I respectfully disagree with its determination that "an accused is presumed to have obtained the age necessary for a conviction of a crime unless the presumption is challenged through a motion to dismiss and supporting memorandum." Op. at 76. Although the majority cites this rule as established in *McGowan*, I believe that more recent decisions by our Supreme Court and sound policy considerations support the position that where the offender's age is an element of the crime charged, the State bears the burden to establish age beyond a reasonable doubt.

In *Lewis v. State*, 511 N.E.2d 1054 (Ind. 1987), the defendant challenged his conviction for child molesting under Indiana Code § 35–42–4–3(c), which at the time required that an offender must have been sixteen years of age or older. Lewis did not file a motion to dismiss at the trial level; rather, he argued on appeal that age was an element of child molesting and that the evidence was insufficient to establish that he was sixteen years of age or older. Our Supreme Court addressed Lewis's argument in its opinion and determined that because a detective on the case testified that Lewis had told him in an interview that he was twenty-five years old and because the local jail's medical screening questionnaire was admitted into evidence, listing Lewis's date of birth as November 14, 1959, the evidence was sufficient to prove that Lewis was over the age of sixteen at the time he committed the charged acts.

In another case, *Altmeyer v. State*, 519 N.E.2d 138 (Ind.1988), our Supreme Court again addressed this issue in a child molesting case. Again, the defendant did not file a motion to dismiss at trial but instead challenged his conviction on appeal by arguing that the State failed to prove that he was over sixteen years of age at the time of the offense. The Court upheld the judgment against Altmeyer, finding that the circumstantial evidence presented at trial establishing that he was married and had an eleven-year-old son was sufficient to prove the age element of the crime.

Neither of these Indiana Supreme Court cases held that the defendants' arguments were waived by their failure to challenge the age element via a motion to dismiss. Rather, each case appears to have recognized the principle, cited recently by this Court in *Davidson v. State*, that "[d]efendants have a constitutional guarantee to have *every element* of their offense proved beyond a reasonable doubt by the State." 825 N.E.2d 414, 420 (Ind.Ct.App.2005) (emphasis added) (citation omitted.) So ingrained is this notion in our jurisprudence that the *Davidson* court described it as "the fundamental principle" underlying our system of justice. *Id.* (citation omitted). I fail to see how this policy—this building block of our criminal justice system—can be so readily cast aside regarding the need to prove an offender's age where age is an element of the crime simply because "[age] is often evident." *McGowan*, 366 N.E.2d at 1165. Inasmuch as age is "often evident," it is also almost

charge should not relieve the State of this burden.

Nevertheless, we do not write on a clean slate in this regard. Therefore, unless and until our Supreme Court overrules or modifies its decision in *McGowan, supra,* we feel constrained to follow its plain holding.

always easily proven, and when it is an element of the crime charged, it is incumbent upon the State to offer such proof.

Nevertheless, I reach the same conclusion as the majority in this case because I find that the State did prove Staton's age beyond a reasonable doubt. Witness testimony established that at the time of the incident, January 2004, Staton was a freshman living in a dormitory at Manchester College. The fifteen-year-old victim testified that she had known Staton for a number of years, that she "imagined" him to be four years older than she, that it was her "understanding" that he was eighteen in January 2004, and that she thought Staton had graduated from high school in 2003, the year before her older sister. I would find, then, that the State presented sufficient circumstantial evidence to establish that Staton was at least eighteen years of age at the time he committed the charged offense. For this reason, I concur.