ATTORNEY FOR APPELLANT
Craig Persinger
Marion, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Kelly A. Miklos
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 85S02-0605-CR-194

JOSHUA STATON,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Wabash Circuit Court, No. 85C01-0404-FC-38
The Honorable Robert R. McCallen, III, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 85A02-0508-CR-719

**September 6, 2006**

**Boehm, Justice.**

It is a core constitutional principle that in a criminal prosecution the State must prove every element of an offense. We hold that when the age of a defendant is an element of a crime the defendant does not waive that requirement by failing to file a motion to dismiss on the ground that he is not of the required age.

## Facts and Procedural History

On the evening of January 18, 2004, two fifteen year old girls, M.M. and E.G., were dropped off at the swimming pool where Joshua Staton was working as a lifeguard. Both M.M. and E.G. knew Staton because his family had socialized with their families in the past. When the pool closed at 8:00 or 8:30 pm, M.M. and E.G. were unable to reach the person who was to pick them up and asked Staton to drive them home. Staton agreed, and asked if the girls would like to stop by his dormitory room at Manchester College. The girls agreed, and according to E.G., after she and Staton were left alone in Staton's dormitory room, the two engaged in sexual intercourse.

On April 20, 2004, the State charged Joshua Staton with sexual misconduct with a minor, a Class C felony, requiring proof beyond a reasonable doubt that at the time of the incident, Staton was at least eighteen years of age, and E.G. was more than fourteen but less than sixteen years old.[1] The evidence at trial was brief. The State presented testimony from M.M. and E.G., and the defense presented no evidence. Both M.M. and E.G. testified to their dates of birth, establishing that they were less than sixteen years old on January 18, 2004. The jury was instructed to convict Staton only if it found his age at the time of the alleged offense to be at least eighteen, and the jury found Staton guilty. On July 11, 2005, Staton was sentenced to four years imprisonment, with one year suspended to be served on probation. On appeal, Staton challenges the sufficiency of the evidence to support his conviction. Specifically, he contends that the State failed to prove beyond a reasonable doubt that he was at least eighteen years of age at the time of the offense.

The Court of Appeals affirmed the conviction, holding that Staton waived any challenge to the sufficiency of proof of his age because he did not file a motion to dismiss on the ground that he was not at least eighteen years old at the time of the charged offense. Staton v. State, 843 N.E.2d 75, 76 (Ind. Ct. App. 2006). The Court of Appeals believed that this Court's opinion in McGowan v. State, 267 Ind. 16, 366 N.E.2d 1164 (1977) compelled that result. Judge Vaidik

---

[1] Indiana Code section 35-42-4-9(a) (2004) provides in relevant part: "A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits sexual misconduct with a minor, a Class C felony."

disagreed as to the effect of <u>McGowan</u>, concluding that more recent decisions by this Court "and sound policy considerations support the position that where the offender's age is an element of the crime charged, the State bears the burden to establish age beyond a reasonable doubt." <u>Id.</u> at 77. Judge Vaidik concurred in affirming Staton's conviction, however, believing that the State had presented sufficient evidence to establish that Staton was at least eighteen years of age at the time he committed the charged offense. <u>Id.</u> at 78. We granted transfer. <u>Staton v. State</u>, No. 85S02-0605-CR-194, 2006 Ind. LEXIS 424 (Ind. May 25, 2006).

## Proof of Age

A. *State's Burden of Proof*

In <u>McGowan</u>, this Court stated that requiring the State to prove in every case elements of a charged offense such as "[a]ge and sex . . . is needless and defeating . . . when their existence is often evident, and for this reason the [S]tate carries a presumption in its favor as to both the age and sex of the accused, until that presumption is nullified by a properly raised motion to dismiss." 267 Ind. at 18, 366 N.E.2d at 1165. Justice DeBruler dissented, believing that if the legislature makes age an element of an offense, then due process of law requires the State to present evidence to prove the defendant's age at the time of the offense. <u>Id.</u> at 18, 366 N.E.2d at 1166. The same language from <u>McGowan</u> was echoed shortly after it was announced, but we have not referred to it in over twenty years.[2] Some have viewed <u>McGowan</u> as addressing only the age requirement for waiver of an alleged juvenile offender to adult court, rather than the elements of the crime. In any event, to the extent <u>McGowan</u> suggests that an element of the crime charged need not be proved, or that a defendant is required to file a motion to challenge age that is an element of a crime, it is overruled.

In her concurrence, Judge Vaidik correctly noted that this Court has addressed the issue of whether the State met its burden of proof as to the defendant's age in two child molestation

---

[2] <u>See</u> <u>Finch v. State</u>, 454 N.E.2d 856, 857 (Ind. 1983); <u>Owen v. State</u>, 272 Ind. 122, 130, 396 N.E.2d 376, 382 (1979); <u>Thompson v. State</u>, 270 Ind. 442, 445, 386 N.E.2d 682, 684 (1979); <u>Smith v. State</u>, 270 Ind. 1, 3, 382 N.E.2d 937, 939 (1978); <u>Owen v. State</u>, 269 Ind. 513, 524, 381 N.E.2d 1235, 1241 (1978); <u>Dew v. State</u>, 268 Ind. 17, 20, 373 N.E.2d 138, 140 (1978); <u>Cox v. State</u>, 267 Ind. 568, 571, 372 N.E.2d 176, 177 (1978); <u>Hill v. State</u>, 367 Ind. 480, 486, 371 N.E.2d 1303, 1306 (1978); <u>Moore v. State</u>, 267 Ind. 270, 278, 369 N.E.2d 628, 632 (1977).

3

cases, and in neither case had the defendant filed a motion to dismiss at the trial level. Staton, 843 N.E.2d at 77 (Vaidik, J., concurring in result) (citing Lewis v. State, 511 N.E.2d 1054 (Ind. 1987); Altmeyer v. State, 519 N.E.2d 138 (Ind. 1988)). The Court of Appeals has emphasized the importance of the State proving every element of a charged crime. See, e.g., Davidson v. State, 825 N.E.2d 414, 420 (Ind. Ct. App. 2005) ("Defendants have a constitutional guarantee to have every element of their offense proved beyond a reasonable doubt by the State. This principle is so essential to our system of justice it is referred to as 'the fundamental principle.'"); Thurman v. State, 793 N.E.2d 318, 321 (Ind. Ct. App. 2003) ("It is black letter law that the Due Process Clause of the Fourteenth Amendment requires that a conviction be supported by proof beyond a reasonable doubt of every element necessary to constitute the crime charged.").

We agree with Judge Vaidik that proof of age is required by the Fourteenth Amendment Due Process Clause. A long and solid line of federal constitutional doctrine dictates this result. In Patterson v. New York, 432 U.S. 197, 211 n.12 (1977) the Court noted that "[t]he applicability of the reasonable-doubt standard" is dependent "on how a State defines the offense that is charged." In Indiana, the General Assembly has chosen to include the age of the defendant as an element of the crime of sexual misconduct with a minor. Therefore, the State had the burden to prove beyond a reasonable doubt that Staton was at least eighteen years old at the time of the alleged offense. Seven years before McGowan, the Supreme Court of the United States held that in state criminal trials the Due Process Clause of the Fourteenth Amendment to the United States Constitution "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970); accord Jackson v. Virginia, 443 U.S. 307, 315-316 (1979). This reasonable doubt standard "plays a vital role in the American scheme of criminal procedure." In re Winship, 397 U.S. at 363. Among other things, "it is a prime instrument for reducing the risk of convictions resting on factual error." Id. This "bedrock, 'axiomatic and elementary' [constitutional] principle," prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. Id.; Sandstrom v. Montana, 442 U.S. 510, 520-524 (1979); Mullaney v. Wilbur, 421 U.S. 684, 698-701 (1975); see also Morissette v. United States, 342 U.S. 246, 274-275 (1952). This view was most recently reaffirmed in Apprendi v. New Jersey, 530 U.S. 466, 477 (2000) (an accused is entitled "to 'a jury determination that [he] is guilty of

4

every element of the crime with which he is charged, beyond a reasonable doubt.'" (citing United States v. Gaudin, 515 U.S. 506, 510 (1995))).

B. *Sufficiency of Evidence*

At trial, the State provided no conclusive evidence of Staton's age at the time of the offense. However, the State argues that the jury could find that Staton's age was established through E.G.'s testimony.

The standard of review of a jury verdict is well settled. When reviewing the sufficiency of evidence supporting a conviction, we neither reweigh the evidence nor judge the credibility of witnesses. Hardister v. State, 849 N.E.2d 563, 573 (Ind. 2006). Rather, we look to the evidence most favorable to the verdict together with all reasonable inferences to be drawn from that evidence. Id. We will affirm the jury's verdict if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Wright v. State, 828 N.E.2d 904, 906 (Ind. 2005).

After testifying that Staton's family and hers had known each other for as long as she could remember, E.G. testified to her date of birth, which made her fifteen years old in January 2004. E.G. was then asked

Q: Is [Staton] older than you?
A: Yes.
Q: Do you know how much older than you he is?
A: I imagine four years.
Q: Do you know what year he graduated?
A: I'd say a year before my sister, so '03 I'm thinking.

E.G. also testified that in January 2004, Staton was a freshman at Manchester College. The following exchange then took place:

Q: And was it your understanding that he was eighteen years old during that time?
A: Yes.
Q: And in January 2004, did [Staton] know what grade you were in?
A: Yes.
Q: How do you know that?

5

A:  He knew me, so I imagine he knew what grade I was in.  He knew how old I was.
Q:  How do you know that?
A:  I told him.  And he should know.

The State is correct that circumstantial testimonial evidence can be sufficient to prove age.  In Altmeyer v. State, 519 N.E.2d 138, 141 (Ind. 1988), where age was an element of the charged crime, and the defendant argued that the State failed to prove that he was at least sixteen years old at the time of his alleged offense, we held that the defendant's testimony that he was married and had an eleven-year-old son at the time of the offense was sufficient to establish that he was over sixteen.  Also, in Marshall v. State, 643 N.E.2d 957, 963 (Ind. Ct. App. 1994), the Court of Appeals affirmed a conviction where the State relied on evidence that the defendant was a deputy marshal, was married, had two children over the age of six, and had attended high school several years earlier to prove that the defendant was over sixteen.

Staton argues that, unlike Altmeyer and Marshall, the State did not ask the jury to make a rational inference from competent evidence but rather asked the jury to accept unsupported speculation.  There is no doubt that Altmeyer and Marshall presented more conclusive evidence of age than E.G.'s testimony in this case.  Staton points to the equivocal language used in E.G.'s testimony.  She testified that she "imagined" and "understood" Staton's age to be at least eighteen.  Staton also notes inconsistencies in E.G.'s answers.  If Staton was four years older than E.G., who was fifteen, then he would be nineteen, not eighteen.  We also agree that considered alone, the fact that Staton graduated from high school in 2003 or the fact that he was a freshman in college would not prove beyond a reasonable doubt that he was at least eighteen years old in January 2004.

Finally, we agree that testimony that E.G. "imagined" or "understood" Staton to be eighteen is less than clear as to the source or extent of her knowledge.  But both were available for exploration on cross-examination if the defense chose to do so.  Leaving this record in its current state was presumably good strategy because it left for closing argument the point that E.G.'s testimony was not rock solid, at least as phrased.  The testimony nevertheless remained an unchallenged affirmation that Staton was eighteen.  Its weight and credibility are facts for the jury to assess.  The jury was instructed that:

6

> To convict the Defendant of Sexual Misconduct with a Minor as charged in the information, the State must have proved each of the following elements. The Defendant knowingly performed or submitted to sexual intercourse with [E.G.] and the Defendant was at the time of the occurrence at least eighteen years of age, and, [E.G.] was at the time of the occurrence a child at least fourteen years of age but less than sixteen years of age. If the State failed to prove each of these elements beyond a reasonable doubt, you should find the Defendant not guilty of Sexual Misconduct with a Minor.

The age of a defendant should be an easy element to prove, and the State could presumably have established it through documentary evidence, other witnesses, or through public records. It is tempting to find that this ease of proof leads to a requirement that the State present conclusive evidence of age. But the ease of proof cuts both ways. Staton offered nothing to rebut E.G.'s testimony. The jury can apply its common sense to this record. See 12 Robert Lowell Miller, Jr., Indiana Evidence § 201.101 (1995) ("[J]urors are instructed to use their own knowledge, experience and common sense in weighing evidence . . . ."); 27 Charles A. Wright & Victor J. Gold, Federal Practice & Procedure § 6075, at 450 (1990) ("Obviously, no juror can or should approach deliberations with an entirely clean cognitive slate. Humans can make intelligent decisions only by drawing upon their accumulated background knowledge and experience. Jurors are not only permitted to make decisions in this manner, it is expected of them[.]"); see also Halsema v. State, 823 N.E.2d 668, 673-74 (Ind. 2005).

In sum, the jury was told that it must find beyond a reasonable doubt that the defendant was eighteen at the time of the incident. In closing arguments the defense pointed this out. E.G. testified that she had known Staton from childhood, that he knew how old she was because she told him, that Staton was four years older than she was, and that Staton had graduated from high school a year before her sister who was eighteen. The State placed E.G.'s testimony in the record, and it remained unrebutted, even though proof of age was readily available from a variety of sources that would not require Staton to take the stand and risk self-incrimination. We conclude it was a permissible inference for the jury to find that age was established beyond a reasonable doubt.

7

## Conclusion

The decision of the trial court is affirmed.

Shepard, C.J., and Dickson, J., concur.

Sullivan, J,. concurs and dissents with separate opinion in which Rucker, J., joins.

**Sullivan, Justice, concurring and dissenting.**

I concur with the Court's holding concerning the McGowan case but respectfully dissent from its conclusion on the sufficiency of the evidence as to the defendant's age. While there may have been enough evidence here to meet a preponderance of the evidence standard, I cannot agree that the testimony of a sole 16-year-old witness that she "imagine[d]" and "under[stood]" defendant to be over the age of 18 constitutes substantial evidence of probative value that, beyond a reasonable doubt, the defendant was over the age of 18. I also disagree with the Court's suggestion in several places that defendant's failure to challenge what little proof the State did offer affects this assessment. I would reverse the judgment of the trial court.

Rucker, J., joins.