**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Mar 31 2014, 8:10 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ROBERT WHIPPLE,                )
                              )
    Appellant-Defendant,        )
                              )
          vs.              )      No. 48A02-1306-CR-537
                              )
STATE OF INDIANA,             )
                              )
    Appellee-Plaintiff.         )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis Carroll, Judge
Cause No. 48C06-1204-FA-655

**March 31, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Robert Whipple (Whipple), appeals his conviction for Count I and II, child molesting, Class A felonies, Ind. Code § 35–42-4-3(a); and Count III, child molesting, a Class C felony, I.C. § 35–42-4-3(b).

We affirm.

## ISSUES

Whipple raises four issues on appeal which we restate as follows:

(1) Whether the trial court properly denied Whipple's motion for a directed verdict;

(2) Whether there was sufficient evidence to convict Whipple for two Counts of child molesting, as a Class A felony, and as a C felony;

(3) Whether the trial court properly denied Whipple's motion for a mistrial; and

(4) Whether Whipple's conviction constitutes double jeopardy.

## FACTS AND PROCEDURAL HISTORY

D.H., was born on December 27, 1996. D.H.'s mother used to work at night, and had made arrangements to drop D.H. off at her grandmother's (Grandmother) house every evening before going to work. Grandmother was married to Whipple, and they lived together. Although Whipple was D.H.'s step-grandfather, D.H. had known Whipple ever since she was three or four years old, and D.H. was very fond of him.

Most nights that D.H.'s mother dropped off D.H. at Grandmother's house, D.H. was left alone with Whipple because Grandmother worked late. Routinely, D.H. would take a

2

shower in the bathroom located in the basement before Grandmother got home, and when Grandmother arrived, she would help D.H. with her homework. After D.H. showered, Whipple would rub "powder" on her body with a powder puff. (Transcript pp. 222-23). However, Whipple's mode of powdering D.H. became more "firm" overtime. (Tr. p. 222). D.H. understood that, it was wrong for Whipple to do that but was too scared to tell him to stop. Also, on various occasions, Whipple inserted his fingers into D.H.'s vagina.

On or between December 2009 and February 2010, D.H.'s mother dropped D.H. at Grandmother's house. D.H. wanted to take a shower. However, Whipple told D.H. that the shower in the basement was broken, therefore she should use the upstairs bathroom. D.H. went upstairs, laid out her clothes in the spare bedroom, and took a shower. When D.H. came out of the bathroom, she went back to the spare bedroom and found her clothes were missing. D.H. asked Whipple where her clothes were, and Whipple told D.H. that her clothes were on his bed. D.H. went into Whipple's bedroom and Whipple followed her and shut the door. Thereafter, Whipple asked D.H. to take off her towel, he pushed D.H. onto the bed, opened her legs, and inserted his penis into her vagina. D.H. cried and screamed for Whipple to stop, but he placed his hand over her mouth. Whipple then threatened D.H. that he would kill her mother if she told anyone. Each time Whipple molested D.H., he warned her not to tell anyone. D.H. never disclosed this to anyone except to her friend. It was D.H.'s friend who encouraged her to talk to someone. In August 2010, D.H. revealed to her therapist that Whipple had molested her. D.H.'s

therapist informed D.H.'s mother and D.H.'s mother reported the matter to the Anderson Police Station.

On April 10, 2012, the State filed an Information charging Whipple with two counts of Class A felony child molesting, and one count of Class C felony, child molesting. On May 2, 2013, the jury found Whipple guilty as charged. On May 24, 2013, the trial court sentenced Whipple to concurrent sentences of thirty-five years on Count I, thirty-five years on Count II, and two years on Count III.

Whipple now appeals. Additional facts will be provided as necessary.

<u>DISCUSSION AND DECISION</u>

I. *Denial of Whipple's Motion for Directed Verdict*

At the close of the State's evidence, Whipple moved for a directed verdict based on the fact that the State failed to establish that he was at least twenty-one years old.

A trial court appropriately grants a motion for a directed verdict when there is a total lack of evidence regarding an essential element of the crime or when the evidence is without conflict and susceptible only to an inference in favor of the defendant's innocence. *McClendon v. State,* 910 N.E.2d 826, 836 (Ind. Ct. App. 2009), *trans. denied.* If the evidence is sufficient to sustain a conviction upon appeal, then a motion for a directed verdict is properly denied; thus, our standard of review is essentially the same as that upon a challenge to the sufficiency of the evidence. *Id.* We neither reweigh evidence nor judge witness credibility, but consider only the evidence that supports the conviction and the

4

reasonable inferences to be drawn therefrom in order to determine whether there is substantial evidence of probative value from which a reasonable fact finder could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt. *Id*.

The offense of child molesting as a Class A felony is set forth in I.C. § 35–42-4-3(a), which provides in relevant part:

> A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting ... a Class A felony if ... it is committed by a person at least twenty-one (21) years of age[.]

Here, Whipple contends that the State failed to prove that he was at least twenty-one years old. While it is undisputed that no evidence was presented at trial to show Whipple's age, we find that circumstantial evidence provided a reasonable inference to the jury to come to reach the conclusion that Whipple was at least twenty one years old. First, we note that the trial court took "judicial notice" of Whipple's age as being "late 70's." (Tr. p. 391). The trial court also stated that "no one could mistake [Whipple] for a person under [twenty-one] years of age." (Tr. p. 392).

Moreover, at trial, D.H. testified that she remembered Whipple being her step-grandfather from the age of three or four. We also agree with the State's line of thought that D.H. must have known Whipple for at least ten years. We also agree with the State's argument that "[]for [Whipple] to have not reached the age of twenty-one by 2009, [Whipple] would have [been] eleven years old in 1999 or 2000 when D.H. was three or

5

four years old. There is nothing to suggest that D.H.'s grandmother married a pre-pubescent boy." (State's Br. p. 10)

In addition, we find that Whipple doesn't dispute the trial court's finding that from his appearance, he was seventy years old. In fact, Whipple agrees with the holding in *Staton v. State*, 853 N.E.2d 470, 471 (Ind. 2006), that the age of a defendant may be proved by circumstantial evidence. In this regard, we conclude that that the circumstantial evidence was sufficient in the instant case to prove beyond a reasonable doubt that Whipple was at least twenty-one years old. Therefore, we find that the key element of the crime was satisfactorily established by the State to support the two Class A felony convictions. We find no error here.

## II. *Sufficiency of the Evidence*

Whipple next contends that there was insufficient evidence to convict him of one Count of child molesting as a Class A felony, and one Count of child molesting as a class C felony. In addressing a claim of insufficient evidence, we do not reweigh the evidence nor do we reevaluate the credibility of the witnesses. *Rohr v. State*, 866 N.E.2d 242, 248 (Ind. 2007), *reh'g denied*. We view the evidence most favorable to the verdict and the reasonable inferences therefrom and will affirm the convictions if there is substantial evidence of probative value from which a reasonable jury could find the defendant guilty beyond a reasonable doubt. *Id*.

### A. *Child Molesting, a Class A felony*

6

Whipple contends that the State failed to show that he "perform[ed] or submit[ed] …deviate sexual conduct" with a child under the age of fourteen. *See* I.C. § 35–42–4–3(a). Whipple specifically argues that State failed to prove beyond a reasonable doubt that he committed the deviate sexual conduct on or between December 20, 2009 and February 1, 2010. He also argues that the "molestation that occurred in the time period …consisted [of] Whipple's penis but not his finger." (Appellant's Br. p. 11).

Our review of the record reveals otherwise. During the State's case-in-chief, D.H. testified as follows:

> [State]: Had he ever done anything to you prior to that time other than to powder you all over your body?
>
> [D.H.]: Um, he really had just started out with the powdering and then it went to him using his fingers on me.
>
> [State]: What did he do with his fingers?
>
> [D.H.]: He put them in my vagina.
>
> [State]: Did you realize at the time what it was?
>
> [D.H.]: No because I was young, I never knew anything about anything like that
>
> [State]: What did you tell him when he did that to you [?]
>
> [D.H.]: I told him to stop and I told him it hurt…

***

> [State]: [] Okay. Now how many times did [Whipple]…molest you?
>
> [D.H.]: I don't know the exact amount. Every time I went there, it was like [fifteen] to [twenty] times.
>
> [State]: Okay, would it always be with his finger?
>
> [D.H.]: It was always with his penis after the finger…

(Tr. p. 226).

Applying the statute to the testimony of D.H., we find that the evidence is sufficient to sustain a conviction for child molesting based on deviate sexual conduct. We have held that a victim's testimony, even if uncorroborated, is ordinarily sufficient to sustain a conviction for child molesting. *Bowles v. State,* 737 N.E.2d 1150, 1152 (Ind. 2000). Upon testifying that Whipple inserted his finger into her "vagina," and that it was "always with his penis after the finger," D.H. provided information which led the jury to come to a reasonable conclusion that Whipple had inserted his finger into her vagina. We therefore find that the evidence was sufficient to sustain Whipple's conviction for Count II, child molesting based upon deviate sexual conduct.

Next, Whipple states that "based upon the evidence presented, the jury could not have determined that the charged crime of Class A felony [child molesting] by sexual deviate conduct occurred during the time period alleged by the State." (Appellant's Br. p. 11). Our review of the record shows that D.H.'s entire testimony was not supported by specific dates. However, this court has held that "time is not of the essence in the crime of child molesting." *Barber v. State,* 870 N.E. 2d 486, 492 (Ind. Ct. App. 2007). In *Barber*, we explained that "[i]t is difficult for children to remember specific dates, particularly when the incident is not immediately reported as is often the situation in child molesting cases." *Id.* "The exact date becomes important only in limited circumstances, including the case where the victim's age at the time of the offense falls at or near the dividing line between classes of felonies." *Id.*

In determining whether there was an issue where D.H.'s age fell at or near the dividing line, the record shows that D.H. was born in December 26, 1996. This meant that D.H. was thirteen years old between December 2009 and February 2010 when the molesting occurred. Based on the foregoing, we find that the evidence presented at trial was sufficient to sustain Whipple's conviction for Count II, child molesting based upon deviate sexual conduct.

### B.  *Child Molesting, a Class C Felony*

Next, Whipple argues the State's evidence was insufficient because "it does not appear from D.H.'s testimony that [he] touched or powdered her on the occasion that he had allegedly engaged in sexual intercourse with [D.H.] during the forty-four day period between December 20, 2009 and February 1, 2010." (Appellant's Br. p. 12).

To convict Whipple of Class C felony child molesting, the State had to prove that Whipple, "perform[ed] or submit[ted] to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person." I.C. § 35–42–4–3(b).

Whipple does not argue that the State failed to prove the elements of the Class C felony conviction, he only argues that it is not clear whether the child molesting took place between December 20, 2009 and February 1, 2010. We disagree. The record reveals that there was sufficient evidence to establish that child molesting took place in that period of time. At trial, D.H. testified as follows:

9

[State]: Tell us how your relationship was with [Whipple]?

[D.H]: Um, we were really close. We did like everything together …

[State]: Until when?

[D.H.]: Until 2009, 2010.

[State]: What happened that period of time?

[D.H.]: Um, he molested me and took advantage of me.

\*\*\*

[State]: …When was the first time you [believed] in your own mind that something had gone wrong with your relationship with [Whipple]…[?]

[D.H.]: He always used to rub powder on me with like a powder puff… he was [then] firm with me that's when I knew something was wrong.

\*\*\*

[State] …the touching and powdering, when did it start?

[D.H.]: Uh, he used to do it … ever since I was little, he's always done it, but [] like I said [, he] was more firm about it [and] that's when I got scared and knew something was wrong with it.

[State]: Did the powdering lead to anything else?

[D.H.]: Yes.

[State]: Tell us what happened [?]

[D.H.]: Um, well, the powdering happened a couple of times and then it led to other things…

(Tr. pp. 222-23). Looking at the above excerpt, D.H. was not specific as to the dates when Whipple molested her. However, we find that there was enough circumstantial evidence to support the finding that the child molesting did occur during that period of time. At trial, D.H. testified that she had a good relationship with Whipple until "2009, 2010." Her testimony was consistent at trial that the *powdering* was a normal thing ever since she was young, but when Whipple started rubbing powder on her in a "firm" manner, she knew something was wrong. (Tr. p. 222). Also, D.H. testified that the molesting first started with the powdering and then it escalated to other things. Based on those facts, we are convinced that Whipple powdered D.H. sometime between December 2009, and February

10

2010 with intent to arouse or to satisfy his sexual desires. As a result, we affirm Whipple's conviction of the Class C felony offense.

## III. *Mistrial*

Whipple argues that the trial court deprived him of the right to a fair and impartial jury under both the U.S. Constitution and the Indiana Constitution, when it denied his motion for a mistrial. Whipple argues that a comment made by one of the jury members denied him a fair trial and also amounted to jury misconduct. Whipple refers to the following comment made by the juror: "We wanted … [Whipple] to explain his comments to Detective Sanderson about being alone with [D.H.]." (Tr. p. 396).[1] Whipple argues that this comment "received several assenting nods" from the jury members, as such, he is convinced that "there is a strong possibility the jury" required him to give testimony, that would be in violation of his constitutional right since he had elected to remain silent during the trial. (Appellant's Br. p. 14). Whipple argues that this comment by the juror "impermissibly shifted the burden of proof" to him and that the jury members "ignored the instructions of the trial court." (Appellant's Br. p. 15).

This court has held that the decision to grant or deny a motion for mistrial is left to the sound discretion of the trial court. *See Alvies v. State,* 795 N.E.2d 493, 506 (Ind. Ct. App. 2003), *trans. denied.* We will reverse the trial court's ruling only upon an abuse of that discretion. *Id*. We afford the trial court such deference on appeal because the trial

---

[1] We note that this comment is not transcribed. However, the trial court acknowledged that the juror made the comment at trial.

court is in the best position to evaluate the relevant circumstances of an event and its impact on the jury. *Id.* To prevail on appeal from the denial of a motion for mistrial, the appellant must demonstrate the statement or conduct in question was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. *Id.* We determine the gravity of the peril based upon the probable persuasive effect of the misconduct on the jury's decision rather than upon the degree of impropriety of the conduct. *Id.*

We have recognized that a mistrial is an extreme sanction warranted only when no other cure can be expected to rectify the situation. *Id.* Reversible error is seldom found when the trial court has admonished the jury to disregard a statement made during the proceedings because a timely and accurate admonition to the jury is presumed to sufficiently protect a defendant's rights and remove any error created by the objectionable statement. *Id.*

Looking at the trial court's ruling, we find that the trial court did not abuse its discretion. The trial court stated in part:

> You are right. I was here and people did make some comments of that nature. I didn't have any sense that the jury did not understand their obligation. And once they are discharged [they] are free to talk …in the course of human understanding, we all recognize that people want to hear from the other side. That does not mean that they don't understand their obligation under oath, and they aren't in a position where they can make a decision based upon the evidence that they heard or that they didn't follow the judge's instructions…I think the [jury] kind of let their hair down so to speak and they [talked] informally … after they [had] been discharged…I'm not all shocked and neither are the lawyers. I suspect that people would say, "Yeah we sure would have liked have heard from him." That is not incompatible with the understanding that I know [Whipple] didn't have to testify...

(Tr. p. 397)

As noted above, on appeal we afford great deference to the trial court's decision to deny a mistrial. *See Alvies*, 795 N.E.2d at 506. It is evident from the ruling, the trial court was not convinced that Whipple suffered any prejudice from the juror's comment. We agree with the trial court's finding that the jury members were properly instructed, and the juror's comment made after the return of Whipple's guilty verdict had no prejudicial effect, nor did the comment have the effect of shifting the burden of proof to Whipple. Furthermore, we note that a "[a] defendant seeking a new trial because of juror misconduct must show that the misconduct (1) was gross and (2) probably harmed the defendant." *Griffin v. State,* 754 N.E.2d 899, 901 (Ind. 2001). Here, Whipple did not present any evidence to show that jury misconduct occurred during deliberations. Moreover, the record reveals that there was substantial evidence on record to find Whipple guilty of the offenses for which he was convicted. As such, we conclude that Whipple is not entitled to the extreme remedy of a new trial because he did not show how the outcome may have been different had a mistrial been granted.

Based on the foregoing, we conclude that the juror's post-verdict had no significant effect on Whipple's case. Accordingly, we find that the trial court properly denied Whipple's motion for a mistrial.

IV. *Double Jeopardy*

Lastly, Whipple argues that his conviction for Count II based on deviate sexual conduct and his conviction for Count III based on fondling, violated the double jeopardy

clause of the Indiana Constitution. Article I, Section 14 of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense."

> [T]wo or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

*Richardson v. State,* 717 N.E.2d 32, 49 (Ind. 1999).

Whipple argues that the elements of the Count III child molesting charge were subsumed within the Count II child molesting offense. In addition, he also states that "no independent evidence of fondling and touching … D.H.," was presented at trial. (Appellant's Br. p. 20). Whipple therefore argues that the jury used the same evidence for the deviate sexual conduct to convict of him of fondling and touching. We disagree.

In *Ward v. State*, 736 N.E.2d 265, 269 (Ind. Ct. App. 2000), we held that a victim's testimony concerning one episode of child molesting could be used to prove two separate acts of child molesting without violating the principles of double jeopardy where that testimony revealed that one act of child molesting was "not contemporaneous with or incidental to" the other. At trial, D.H.'s testimony established distinct evidence for each Count. D.H. testified that Whipple used to powder her body with a powder puff when she was young, and when Whipple powdered her in a firm way, she understood that it was wrong but was too scared to tell him to stop. We find that this evidence established the fondling charged in Count III. D.H. further testified that the powdering led to other things

and that Whipple inserted his fingers into her vagina.  We find that this evidence established the deviate sexual conduct charge in Count II.

Accordingly, we conclude that the State established that Whipple committed two separate offenses based on distinct incidents of molestation.  Because there is no reasonable possibility that the jury used the same evidentiary facts to establish both the essential elements of Counts II and III, we find that there is no double-jeopardy violation.

## CONCLUSION

Based on the foregoing, we conclude that (1) the trial court properly denied Whipple's motion for a directed verdict; (2) there was sufficient evidence to convict Whipple of both Count II and III; (3) the trial court properly denied Whipple's motion for a mistrial; and (4) there was no double-jeopardy violation.

Affirmed.

VAIDIK, C. J. and MAY, J. concur