# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 16 2017, 6:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Houdek
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nathan Arnold,<br>*Appellant-Defendant,*<br><br>*v.*<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 16, 2017<br><br>Court of Appeals Case No.<br>49A02-1706-CR-1257<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Linda E. Brown, Judge<br><br>Trial Court Cause No.<br>49G10-1702-CM-5763 |

**Bradford, Judge.**

# Case Summary

Appellant-Defendant Nathan Arnold was being moved in a police transport wagon when he began kicking a barrier, damaging it. The State charged Arnold with Class B misdemeanor criminal mischief and the trial court found him guilty as charged. Arnold contends that the State produced insufficient evidence to sustain his criminal mischief conviction. Because we disagree, we affirm.

# Facts and Procedural History

On February 11, 2017, Marion County Sheriff's Deputy Terrence Green was transporting Arnold from Eskenazi Hospital to the arrestee processing center in Indianapolis when Deputy Green heard a loud noise. Deputy Green turned around and saw Arnold kicking a barricade inside the transport wagon that keeps inmates separated, damaging it. On February 12, 2017, the State charged Arnold with Class B misdemeanor criminal mischief, and, following a bench trial held on May 16, 2017, the trial court found him guilty as charged and sentenced him to 180 days of incarceration with 140 suspended to probation.

# Discussion and Decision

Arnold contends that the State produced insufficient evidence to sustain his criminal mischief conviction. When reviewing the sufficiency of evidence supporting a conviction, we will not reweigh the evidence or judge the credibility of witnesses. *Staton v. State*, 853 N.E.2d 470, 474 (Ind. 2006). We

must look to the evidence most favorable to the conviction together with all reasonable inferences to be drawn from that evidence. *Id.* We will affirm a conviction if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[4] In order to convict Arnold of Class B misdemeanor criminal mischief, the State was required to establish that he "recklessly, knowingly, or intentionally damage[d] or deface[d] property of another person without the other person's consent[.]" Arnold argues only that the State failed to present sufficient evidence to sustain a finding that he damaged the transport wagon. Deputy Green, when asked if Arnold damaged the transport wagon, answered, "Yes." Tr. Vol. II p. 5. In addition, Deputy Green testified that he saw Arnold kicking the barrier during transport. Arnold argues that Deputy Green's testimony should have been more specific.[1] Arnold, however, does not draw our attention to any authority that requires more specificity, and we are aware of none. As such, we conclude that this testimony is sufficient to support a finding that Arnold satisfied the damage element of criminal mischief. Arnold also notes that Deputy Green did not testify that he inspected the transport wagon before transporting Arnold, which he argues should have been necessary to establish that the damage was not caused by another person. Again, we are aware of no

---

[1] While ultimately not necessary to our review on appeal, certainly, additional questions concerning a description of the damage would have been relevant and helpful in this case.

authority that would require such evidence. Deputy Green's testimony is sufficient to support a reasonable inference that he witnessed Arnold causing visible damage to the transport wagon. Arnold's arguments are nothing more than invitations to reweigh the evidence, which we will not do. *See Staton*, 853 N.E.2d at 474.

[5] We affirm the judgment of the trial court.

Robb, J., and Crone, J., concur.