## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**

Nov 16 2017, 6:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ervin Mapp,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

November 16, 2017

Court of Appeals Case No.
49A04-1704-CR-843

Appeal from the Marion Superior
Court

The Hon. Lisa Borges, Judge

Trial Court Cause No.
49G04-1604-F5-14925

**Bradford, Judge.**

# Case Summary

[1]     Appellant-Defendant Ervin Mapp and Kiesha Upshaw had ended their long-term relationship when Mapp arranged to meet with Upshaw to give her some money that he owed to her.  When Mapp and Upshaw met in a fast-food restaurant parking lot, Mapp asked to use Upshaw's telephone but refused to return it to her despite repeated requests.  Upshaw, still requesting the return of her telephone, exited her vehicle and approached Mapp, who produced a knife and stabbed her in the abdomen.  When Upshaw fled on foot, Mapp reached into Mapp's vehicle and took her purse.  The State charged Mapp with, and he was convicted of, Level 2 felony robbery.  Mapp contends that the State failed to produce sufficient evidence to sustain his robbery conviction.  According to Mapp, the evidence admitted at trial supports, at most, convictions for theft and battery.  Because we disagree, we affirm.

# Facts and Procedural History

[2]     Upshaw and Mapp dated for six years before ending their relationship in July of 2015.  On April 17, 2016, Mapp called Upshaw and asked her to meet with him the next day so that he could give her some money that he owed her.  The duo agreed to meet in a McDonald's parking lot at 38th Street and Keystone Avenue in Indianapolis but ended up driving to a nearby Taco Bell.  Mapp approached Upshaw as she was sitting in her vehicle and asked to use her mobile telephone.

[3]     When Mapp finished, Upshaw asked for her telephone back. Mapp refused to return the telephone, telling Upshaw that he needed it because he was going out of town. Upshaw again told Mapp to return her telephone. Upshaw exited her vehicle, stood in the parking lot behind Mapp, and again asked for her telephone. Mapp reached into the back seat of his vehicle, as if to retrieve the money he owed Upshaw, but "[i]n the blip of a second, he grabbed a knife and stabbed [her] from behind[,]" in the lower abdomen. Tr. Vol. II p. 20. Upshaw fled on foot and, as she looked back, saw Mapp reach into her vehicle and remove her purse.

[4]     On April 21, 2016, the State charged Mapp with Level 5 felony battery and Level 5 felony intimidation. On June 27, 2016, the State added a charge of Level 2 felony robbery causing serious bodily injury. On September 19, 2016, the State filed notice that it intended to have Mapp sentenced as a habitual offender. Following a jury trial, the jury found Mapp guilty of battery and robbery, after which Mapp admitted to being a habitual offender. On March 29, 2017, the trial court entered judgment of conviction on Level 2 felony robbery and sentenced Mapp to thirty years of incarceration, enhanced twenty years by virtue of his habitual offender status, with five years suspended to probation.

# Discussion and Decision

[5]     Mapp contends that the State produced insufficient evidence to sustain his conviction for Level 2 felony robbery, contending that the record supports, at

most, convictions for theft and battery. When reviewing the sufficiency of evidence supporting a conviction, we will not reweigh the evidence or judge the credibility of witnesses. *Staton v. State*, 853 N.E.2d 470, 474 (Ind. 2006). We must look to the evidence most favorable to the conviction together with all reasonable inferences to be drawn from that evidence. *Id*. We will affirm a conviction if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id*.

[6] In order to convict Mapp of Level 2 felony robbery, the State was required to establish that he "knowingly or intentionally t[ook] property from another person or from the presence of another person … by using or threatening the use of force on any person; or … by putting any person in fear [and the robbery] result[ed] in serious bodily injury to any person other than a defendant." Ind. Code § 35-42-5-1. Specifically, the State in this case charged Mapp with "knowingly tak[ing] property, to-wit: cell phone and/or purse, from another person or from the presence of another person, to-wit: Kiesha Upshaw, by using or threatening the use of force, said act resulted in serious bodily injury to Kiesha Upshaw, to-wit: extreme pain[.]" Appellant's App. Vol. II p. 177.

[7] Mapp argues, *inter alia*, that because he took Upshaw's telephone from her before using force, he merely committed theft and not robbery. Mapp's argument is without merit. As the Indiana Supreme Court has held, "'a [robbery by use of force] is not fully effectuated if the person in lawful possession of the property resists before the thief has removed the property from

the premises or from the person's presence.'" *Young v. State*, 725 N.E.2d 78, 81 (Ind. 2000) (citation omitted). Here, Upshaw was actively resisting Mapp's taking of her telephone and it was still in her presence when he stabbed her. Upshaw repeatedly asked and/or told Mapp to return her telephone, exited her vehicle, and approached him. Because Upshaw was still in Mapp's presence and actively resisting, the robbery was not yet fully effectuated when he stabbed her. Put another way, while "[i]t is true that committing robbery by use of force requires that the force be used before the defendant completes taking the property from the presence of the victim[,]" *id.* at 80, that is precisely what occurred in this case. Mapp's argument in this regard is without merit, and we therefore conclude that the State produced sufficient evidence to sustain his conviction for Level 2 felony robbery.[1]

[8] We affirm the judgment of the trial court.

Robb, J., and Crone, J., concur.

---

[1] Because we conclude that the State established that Mapp committed robbery with respect to Upshaw's telephone, we need not separately address his argument regarding her purse. Moreover, because we have rejected Mapp's argument that he could only be convicted of the theft of Upshaw's telephone, we need not address his argument that his stabbing of her only supported a battery conviction.