## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 09 2018, 8:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Edgar
J. Edgar Law Offices, Prof. Corp.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lonnell Brisbon,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 9, 2018

Court of Appeals Case No.
49A02-1711-CR-2707

Appeal from the Marion Superior Court

The Honorable Grant W. Hawkins, Judge

Trial Court Cause Nos.
49G05-1604-F1-15800
49G05-1511-F6-40536

**Bradford, Judge.**

# Case Summary

In October of 2017, Lonnell Brisbon was convicted of Level 1 felony child molesting, Level 1 felony attempted child molesting, and Level 4 felony child molesting. On appeal, Brisbon challenges his convictions for Level 1 felony child molesting and attempted child molesting, arguing that the State failed to prove that he was at least twenty-one years old when he committed the offenses. Concluding otherwise, we affirm.

# Facts and Procedural History

On April 4, 2016, twelve-year-old S.S. was watching a movie with her mother, sister, and twenty-five-year-old Brisbon. While watching the movie, S.S.'s mother sat on the couch and Brisbon, S.S., and her sister were laying on an air mattress. S.S. was positioned between Brisbon and her sister. At some point after the movie, S.S. fell asleep.

S.S. was awakened during the middle of the night by Brisbon pulling down her pants and underwear. After Brisbon pulled down her pants, S.S. felt his penis against her back. Brisbon touched S.S. between the lips of her vagina with two of his fingers. He stuck his penis in the crack of her buttocks and between the lips of her vagina. He moved his penis back and forth until he ejaculated on S.S.'s back. At some point during the encounter, S.S. attempted to move closer to and wake her sister, but Brisbon pulled her back towards him. Afterward,

Brisbon put his hand around S.S.'s throat and told her that if she told anyone, "he can run away like he always do." Tr. Vol. II, p. 76.

[4] The next day, S.S. reported Brisbon's actions to a group of friends and a teacher. The teacher reported the conduct to the police. Later that day, S.S. was taken to the hospital for a forensic examination. While at the hospital, S.S. reported that she was still experiencing pain in her "butt." Tr. Vol. II, p. 79. The forensic nurse conducting the examination observed a laceration at the base of S.S.'s vaginal opening and abrasions on both sides of the laceration near the opening of S.S.'s vaginal canal. Forensic testing also revealed Brisbon's seminal fluid on S.S.'s underwear in two areas.

[5] On April 27, 2016, the State charged Brisbon with two counts of Level 1 felony child molesting, Level 1 felony attempted child molesting, and Level 4 felony child molesting. Following a bench trial, the trial court found Brisbon guilty of (1) one count of Level 1 felony child molesting, (2) the included attempt of the other Level 1 felony child molesting count, and (3) Level 4 felony child molesting. The trial court found Brisbon not guilty of the remaining Level 1 felony attempted child molesting charge. On November 2, 2017, the trial court sentenced Brisbon to an aggregate thirty-two year sentence.

## Discussion and Decision

[6] Brisbon contends that the evidence is insufficient to sustain his convictions for Level 1 felony child molesting and attempted child molesting.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict.… Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.… The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146–47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

Indiana code section 35-42-4-3(a)(1) provides that "[a] person who, with a child under fourteen (14) years of age, knowingly or internally performs or submits to sexual intercourse or other sexual conduct … [and is] at least twenty-one (21) years of age" commits Level 1 felony child molesting. In challenging his convictions, Brisbon does not attack the sufficiency of the evidence to prove that he committed or attempted to commit child molestation. He argues only that the State failed to prove that he was at least twenty-one years old at the time. We disagree. State's Exhibit 48, a certified copy of the search warrant for the person of Brisbon, which was admitted into evidence without objection, lists Brisbon's birthdate as November 11, 1990. This evidence is sufficient to prove that Brisbon was twenty-five years old on the date in question. *See Staton v.*

*State*, 853 N.E.2d 470, 475 (Ind. 2006) (providing that "[t]he age of a defendant should be an easy element to prove," and the State may establish the defendant's age through documentary evidence, other witnesses, or through public records).

[7] The judgment of the trial court is affirmed.

Baker, J., and Kirsch, J., concur.