## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

John S. Terry
Daniel J. Pfleging
Cate, Terry & Gookins LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sarah J. Shores
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Randy Allen Horn,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 31, 2020

Court of Appeals Case No.
19A-CR-2185

Appeal from the Hamilton Circuit Court

The Honorable Paul A. Felix, Judge

Trial Court Cause No.
29C01-1810-F5-6967

**Baker, Judge.**

[1] Randy Horn appeals his convictions for Level 5 Felony Sexual Misconduct With a Minor,[1] Level 6 Felony Performing Sexual Conduct in the Presence of a Minor,[2] and Level 6 Felony Child Seduction.[3] Horn argues that there is insufficient evidence proving that he was over the age of eighteen at the time he committed the offenses. Finding the evidence sufficient, we affirm.

## Facts

[2] Sometime in 2016, Horn moved into the Sheridan home of his girlfriend, Tina. At some point thereafter, Tina's two daughters, S.K. and K.S., and son, C.S., moved into the home as well.[4]

[3] In November 2016, when S.K. was fifteen years old, she woke up to Horn "trying to get into [her] pants." Tr. Vol. II p. 127. She had fallen asleep on a chair in the living room, and when she awoke, her blanket had been moved off of her and Horn was touching her upper thigh and pulling at her shorts.

[4] Over the course of 2017 and until February or March 2018, when S.K. and K.S. were 15-16 and 11-12 years old, respectively, Horn frequently entered their bedroom at night and masturbated. K.S. saw this occur at least six or seven times. He also masturbated in front of all three children on several occasions in

---

[1] Ind. Code § 35-42-4-9(b).

[2] I.C. § 35-42-4-5(c).

[3] I.C. § 35-42-4-7(m).

[4] At the time of trial, S.K. was seventeen, K.S. was thirteen, and C.S. was nine years old. Tr. Vol. II p. 122.

the common areas of the home. The final incident occurred in February or March 2018, when S.K. saw Horn masturbating while looking into her bedroom window and told her mother, who "hit [the] window to scare him." *Id.* at 139. Shortly thereafter, S.K. informed her school guidance counselor about Horn's behavior and an investigation ensued.

[5] On October 2, 2018, the State charged Horn with Level 5 felony sexual misconduct with a minor, Level 6 felony performing sexual conduct in the presence of a minor, and Level 6 felony child seduction. A jury trial took place on July 8-9, 2019, at the close of which the jury found Horn guilty as charged. On August 22, 2019, the trial court sentenced Horn to an aggregate term of nine years, with four years suspended to probation. Horn now appeals.

## Discussion and Decision

[6] Horn argues that the evidence is insufficient to support his convictions. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.*

[7] To convict Horn of Level 5 felony sexual misconduct with a minor, the State was required to prove beyond a reasonable doubt that Horn, who was at least eighteen years old, knowingly or intentionally performed or submitted to any

fondling or touching with a child less than sixteen years of age, with the intent to arouse or satisfy the sexual desires of either the child or himself. I.C. § 35-42-4-9(b). To convict Horn of Level 6 felony performing sexual conduct in the presence of a minor, the State was required to prove beyond a reasonable doubt that Horn, who was at least eighteen years old, knowingly or intentionally touched or fondled his own body in the presence of a child less than fourteen years old, with the intent to arouse or satisfy the sexual desires of the child or himself. I.C. § 35-42-4-5(c). Finally, to convict Horn of Level 6 felony child seduction, the State was required to prove beyond a reasonable doubt that Horn, who was at least eighteen years old and was the custodian of a child less than eighteen years old, engaged in any fondling or touching with the intent to arouse or satisfy the sexual desires of the child or himself. I.C. § 35-42-4-7(m).

[8] Horn's sole argument on appeal is that the State failed to prove beyond a reasonable doubt that he was over the age of eighteen at the time he committed these offenses. He is correct that the State failed to introduce any direct evidence establishing his age. While we certainly encourage the State to offer such evidence, in this case, its absence is not fatal to the convictions.

[9] Our Supreme Court has held that circumstantial testimonial evidence can be sufficient to prove age. *Staton v. State*, 853 N.E.2d 470, 474-75 (Ind. 2006) (holding that victim's unrebutted testimony that she understood Staton's age to be at least eighteen, that he was four years older than her, and that he had graduated a year before her eighteen-year-old sister, was enough to allow the jury to infer Staton's age); *see also Altmeyer v. State*, 519 N.E.2d 138, 141 (Ind.

1988) (holding that evidence of defendant's marital, employment, and parental status was sufficient to prove age beyond a reasonable doubt); *Marshall v. State*, 643 N.E.2d 957, 963 (Ind. Ct. App. 1994) (same).

[10] In this case, the following testimonial evidence supports an inference that Horn was over the age of eighteen:

- Three witnesses testified that Horn was Tina's boyfriend. The fact that Tina is the biological mother of two teenage daughters establishes that she was well over the age of twenty-one at the time of trial, supporting a conclusion that Horn was over the age of eighteen at the time he committed the offenses.
- S.K. testified that Horn was employed and helped to pay the bills.
- S.K. testified that Horn occasionally babysat for her little brother and did the children's laundry.
- K.S. testified that when Horn entered her bedroom to masturbate, she knew that the silhouette in the doorway was him because "there [were] no other men in [the] house." Tr. Vol. II p. 168.
- Horn had a son, and while the son's age is not revealed by the record, it was established that the son was old enough to be interviewed by the police.

While it could be argued that none of this evidence, by itself, would establish that Horn was over the age of eighteen at the time of the offenses, when viewed in the aggregate, we find it sufficient. *See Staton*, 853 N.E.2d at 475 (observing that the "jury can apply its common sense to this record").

[11] Moreover, beyond this testimonial evidence, the jury could also consider Horn's appearance when inferring his age. In *Owen v. State*, the defendant was thirty-one years old at the time of trial, and the crime with which he was charged required that he be over the age of sixteen. 272 Ind. 122, 396 N.E.2d

376 (1979). Our Supreme Court held that "[t]he fact that defendant was over the age of sixteen (16) was evident in that he appeared before the jury and they were able to observe his appearance." *Id.* at 131, 396 N.E.2d at 382. Here, Horn was forty-seven years old at the time of trial, meaning that he would have been between forty-four and forty-six at the time he committed the offenses. The disparity in appearance between a twenty-one-year-old and a forty-seven-year-old is great. Horn's appearance, when combined with the testimonial evidence described above, was sufficient to allow a reasonable juror to conclude that he was at least eighteen years old at the time he committed these offenses.

[12] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.