

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Office of the Public Defender
Appellate Division
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Henry Ward Brown,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 2, 2020

Court of Appeals Case No.
20A-CR-171

Appeal from the
Lake Superior Court

The Honorable
Samuel L. Cappas, Judge

Trial Court Cause No.
45G04-1702-FA-2

**Vaidik, Judge.**

[1] In February 2017, the State charged Henry Ward Brown with child molesting as a Class A felony—which was elevated from a Class B felony based on Brown being at least twenty-one years old at the time of the offense—for molesting C.B. between January 1, 2011, and December 31, 2012. Appellant's App. Vol. II p. 17. A jury trial was held in November 2019. According to the probable-

cause affidavit and PSI, Brown was born on February 14, 1958, and thus was sixty-one years old at the time of trial. However, the State forgot to present evidence of Brown's age.[1] C.B. testified and described Brown's appearance at trial as being "bald in the middle at the top and hair in the back with a white beard." Tr. Vol. III p. 2. In addition, evidence was presented that at the time of the offense in 2011-12, Brown had three cars—"a white Pontiac," "a white Cadillac," and a white Ford Expedition—worked as a handyman at the apartment complex where C.B. lived, had a house, and cared for six to ten children at a time. *Id.* at 93. The trial court instructed the jury that to find Brown guilty of child molesting as a Class A felony, the State had to prove that he was at least twenty-one years old at the time of the offense. Appellant's App. Vol. II p. 80. The jury found Brown guilty as charged, and the trial court sentenced him to thirty years.

[2] Brown now appeals. His sole argument is that the State failed to prove beyond a reasonable doubt he was at least twenty-one years old when he committed the offense. Although the State failed to present direct evidence of Brown's age, "circumstantial testimonial evidence can be sufficient to prove age." *Staton v. State*, 853 N.E.2d 470, 474 (Ind. 2006). In addition, a jury may use its common sense. *Id.* at 475. C.B. described Brown's appearance at trial as being bald on top with a white beard. In addition, evidence was presented that at the time of

---

[1] During closing, the prosecutor told the jury to remember that a detective testified about Brown's date of birth; however, it is undisputed that no such evidence was presented. *See* Tr. Vol. III p. 126. Notably, Brown did not object when the prosecutor said this.

the offense in 2011-12, Brown was employed, had multiple cars and a house, and would watch numerous children at a time. The jury could use its common sense to determine from this evidence that Brown was at least twenty-one years old when he committed the offense. We therefore affirm the trial court.

[3] Affirmed.

May, J., and Robb, J., concur.